**Richard LAY, Plaintiff–Appellant,**

v.

**John ANDERSON, et al.,
Defendants–Appellees.**

No. 87–3778
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 12, 1988.

Richard Lay, pro se.

Houston T. Penn, J. Marvin Montgomery, S. Dwayne Broussard, Asst. Attys.

---

18. *See supra* note 11.

**232**

Gen., Baton Rouge, La., for defendants-appellees.

Before GEE, GARWOOD, and JONES, Circuit Judges.

PER CURIAM:

██ Appellant Lay, an inmate at Louisiana State Prison in Angola, is no stranger to the federal courts. Acting pro se, he has filed at least a half dozen petitions for habeas corpus relief and several prisoner civil rights cases. In this case, as the magistrate aptly noted, "the activity ... has been lengthy and circuitous, although it should have been quite brief." We affirm the district court's grant of summary judgment for appellees. We also tax costs of this appeal against Lay, pursuant to 28 U.S.C. § 1915(e). The costs are payable from his prison account or any other source of assets or income he may have. The costs will include at least the $105 court of appeals fees. See F.R.A.P. 39 and Local Fifth Cir. Rule 39. Finally, we hold as further sanction that Lay may file no further appeal in forma pauperis in this court, unless the district court has certified such appeal is in good faith or Lay has paid the costs taxed in this appeal.

██ That the merits of this appeal are frivolous fortifies, but is not a necessary condition to, our taxing of appellate costs against this in forma pauperis litigant. 28 U.S.C. § 1915(a) and (e) provide:

(a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs....

\* \* \* \* \* \*

(e) Judgment may be rendered for costs at the conclusion of the suit or action as in other cases....

Both the Fourth and Eleventh Circuits have held that the court's discretionary power to tax costs is, by the explicit language of § 1915(e), not limited to frivolous lawsuits. *Flint v. Haynes*, 651 F.2d 970, 973 (4th Cir.1981), *cert. denied*, 454 U.S. 1151, 102 S.Ct. 1018, 71 L.Ed.2d 306 (1982); *Harris v. Forsyth*, 742 F.2d 1277, 1278 (11th Cir.1984). Their reasons for doing so seem unimpeachable:

The use of the word "prepayment" in subsection (a) indicates that Congress did not intend to waive forever the payment of costs, but rather it intended to allow qualified litigants to proceed without having to advance the fees and costs associated with litigation. By permitting the court to enter judgment for costs "as in other cases," subsection (e) evinces a congressional intent that litigants may eventually be liable for costs.

\* \* \* \* \* \*

[W]hen costs are assessed only in extreme or exceptional cases, those persons granted leave to proceed in forma pauperis have virtually "nothing to lose and everything to gain," and the purpose of § 1915—equal access for the poor and the rich—is distorted. Non-indigents who contemplate litigation are routinely forced to decide whether their claim is "worth it." We see no reason to treat indigents differently in this respect.

*Flint*, 651 F.2d at 972, 973 (footnotes omitted); *see also Harris*, 742 F.2d at 1278 (quoting *Flint*). Compare *Duhart v. Carlson*, 469 F.2d 471, 478 (10th Cir.1972), *cert. denied*, 410 U.S. 958, 93 S.Ct. 1431, 35 L.Ed.2d 692 (1973) (holding costs may be taxed after court determines indigent's claim is frivolous and malicious.)

This court, like the district courts in our circuit, has recently witnessed a significant increase in the number of pro se, usually prisoner, civil rights actions. *See Gabel v. Lynaugh*, No. 87–2353, slip op. at 1236 n. 1 (5th Cir. 1988). The large majority of these cases are without even arguable legal footing. The judicial time and resources they command are astonishingly large and divert considerable attention from other matters on our dockets. Moreover, there is a serious threat that legitimate pro se petitions will drown in the cacophony of the groundless ones. Taxing costs against an unsuccessful in forma pauperis litigant at

the conclusion of his appeal is one way to defray the judicial and social burden imposed by these lawsuits. Moreover, especially if the district court dismissed the complaint for frivolousness under 28 U.S.C. § 1915(d), sanctions may additionally be warranted. The appellant in such a case would have received warning, by the district court's dismissal, that he is imposing on the judicial process.

 Lay's action was disposed of on summary judgment because he failed to exhaust the prison grievance procedure authorized in Louisiana by 42 U.S.C. § 1997e. He filed a complaint with prison authorities too vague to comprehend, followed immediately by a § 1983 lawsuit stating his true complaint. Despite the district court's order that he exhaust the prison remedies, on pain of dismissal with prejudice, he failed to do so. The district court refused to allow Lay thus to circumvent the salutary prison grievance mechanism with his procedural games-playing. We agree with the district court's actions. In *Rocky v. Vittorie*, 813 F.2d 734 (5th Cir.1987), we held that a court may dismiss a prisoner's civil rights case, after granting a continuance, if he has failed during that interim to pursue a § 1997e prison grievance proceeding. The district court found here that Lay simply did not follow through with his prison grievance.

Moreover, during the course of this litigation, Lay besieged the federal court with pleadings. The docket sheet reflects almost constant activity over a 15–month period, including two previous abortive interlocutory appeals to this Court. As a consequence of Lay's other cases, this Court has dealt with at least three additional appeals, none of which was successful. We have expressly warned Lay that his litigiousness must be controlled. It is no answer to this problem to assert that Lay, untutored in law, must be given the benefit of the doubt on his errors. The volume of his litigation and evident sophistication of his arguments and procedural knowledge belie such a defense. We firmly believe that an award of additional sanctions is necessary to force Lay to conform to acceptable standards in approaching this court. Consequently, we now additionally hold that before Lay may prosecute any further appeal in forma pauperis, unless the district court has expressly certified that his appeal is being taken in good faith, he must first pay the costs taxed against him in the instant case.

The judgment of the district court, as modified, is AFFIRMED. Costs to be taxed against appellant.[1]

---

1. As funds accumulate in appellant's prison account (prisoner # 110315) or he receives any other source of assets or income, the appropriate prison officials are ORDERED to withdraw such amount from such prison account or other source and forward it to the Clerk of the Court with the appropriate case number noted within thirty days of the date such amount comes within appellant's possession. The Clerk will provide a true copy of the ORDER to the parties and to the Director of Inmate Prison Accounts, Louisiana State Penitentiary, Angola, Louisiana 70712.