**Douglas Warren FREEZE, Jr., Plaintiff–Appellant,**

v.

**George GRIFFITH, Defendant–Appellee,**

**Douglas Warren FREEZE, Jr., Plaintiff–Appellant,**

v.

**Stanley LABOVE, et al., Defendants–Appellees,**

**Douglas Warren FREEZE, Jr., Plaintiff–Appellant,**

v.

**James R. SAVOIE, et al., Defendants–Appellees.**

**Nos. 87–4499, 87–4521, 87–4530 Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

July 11, 1988.

---

Douglas Warren Freeze, Jr., pro se.

William M. Hudson, III, Patrick B. McIntire, Oats & Hudson, Lafayette, La., for defendant-appellee.

Before GEE, GARWOOD and JONES, Circuit Judges:

PER CURIAM:

Appellant, a Louisiana inmate, was convicted and sentenced to nine years imprisonment for aggravated criminal damage to property in 1982. Acting pro se, he has subsequently filed at least twelve § 1983 actions alleging violations of his civil rights. The district court heard evidence from July 31 to August 2, 1984 and again on January 20, 1987, in regard to the above-captioned cases [and two more as well]. In the above cases, the court dismissed some defendants and rendered judgment in favor of others. We likewise find it convenient to address Freeze's contentions arising from these three lawsuits in a consolidated opinion, inasmuch as the facts and defendants in each case overlap. All of these cases challenge actions by Cameron Parish, Louisiana officials connected with his conviction. Freeze's numerous challenges on appeal are meritless.

■ Freeze first alleges that George Griffith, a former deputy sheriff, perjured himself during the voir dire phase of Freeze's 1982 criminal trial in order to be selected as a juror, used undue influence over the jury to secure Freeze's conviction, and lied about his earlier perjury during the district court's § 1983 hearings. Whether Griffith lied, either as a petit juror or as a witness, is immaterial, for in either capacity he is absolutely immune from liability for damages under 42 U.S.C. § 1983. *Imbler v. Pachtman,* 424 U.S. 409, 423 n. 20, 96 S.Ct. 984, 991 n. 20, 47 L.Ed.2d 128 (1976) (grand jurors); *Sunn v. Dean,* 597 F.Supp. 79, 81–82 (N.D.Ga.1984) (trial jurors); *Briscoe v. LaHue,* 460 U.S. 325, 335, 103 S.Ct. 1108, 1115, 75 L.Ed.2d 96 (1983) (witnesses); *Austin v. Borel,* 830 F.2d 1356, 1359 (5th Cir.1987) (witnesses).

■ The district court did not err in dismissing appellant's charge that state judge Fontenot, district attorney Jones, probation officer Rutherford, and sheriff Savoie conspired to suppress evidence of Freeze's prior record, which would have revealed that Griffith previously arrested Freeze, in order to ensure Griffith's placement on the jury.[1] These claims founder

---

1. Technically, this court will not consider § 1983 claims that challenge the fact or duration of confinement before a prisoner has exhausted his state habeas remedy. *Clark v. Williams,* 693 F.2d 381, 382 (5th Cir.1982). We can, however, affirm these dismissals on

on the officials' immunity and prescription defenses. The judge who presided over Freeze's trial is absolutely immune from Freeze's § 1983 suit for damages, *Brewer v. Blackwell*, 692 F.2d 387, 396 (5th Cir. 1982), as are the prosecuting attorney, *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), and the probation officer for failing to prepare properly the presentence report, *Spaulding v. Nielsen*, 599 F.2d 728, 729 (5th Cir.1979).

The only defendant remaining is Sheriff Savoie. The district court dismissed Freeze's action against Savoie based on prescription. The one-year Louisiana prescriptive period found in La.Civ. Code art. 3492, replacing former art. 3536, applies to § 1983 actions against Louisiana state officials. *Auster Oil & Gas, Inc. v. Stream*, 835 F.2d 597, 604 (5th Cir.1988). Freeze alleges that Savoie participated in a conspiracy to have him unjustly convicted. A state statute of limitations imposed in a § 1983 action does not run until the plaintiff is in possession of the "critical facts" that he has been hurt and the defendant is involved. *Lavallee v. Listi*, 611 F.2d 1129, 1131 (5th Cir.1980). Freeze was aware August 27, 1982, the date of his conviction, that he had been hurt. The trial court found that Freeze "knew or should have known of the Sheriff's alleged role in the conspiracy, the facts giving rise to the lawsuit, and that he had suffered damages ... at least by September 29, 1982 when his motion for new trial was denied.... Plaintiff was even more certain of the alleged factual basis by [that] time ... because he alleged that [conspiracy to "railroad" him] as a basis for new trial." These findings are not clearly erroneous. He filed suit, nonetheless, well after the one-year prescriptive period, on May 8, 1984.

Freeze complains that the court failed to subpoena his witnesses for his January 1987 hearing. The record does not reveal that Freeze ever requested the court to issue the subpoenas as required by Fed. Rule Civ.Proc. 45(a), however. Nor are we persuaded that the court abused its discretion in denying appellant's motion for a continuance, *Wells v. Rushing*, 755 F.2d 376 (5th Cir.1985), since appellant's preparation for the 1984 hearings reveals that he was aware of the subpoena procedures.

He next argues that the district court prevented him from presenting certain evidence at the January 1987 hearing. His failure to state what new evidence he sought to introduce or what the district court improperly did to preclude presentation render this issue unreviewable.

Freeze contends that the district court erred in refusing his motion to appoint counsel for him for his January 1987 hearing. A civil rights complainant has no right to the automatic appointment of counsel unless the case presents exceptional circumstances. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir.1982). The record indicates that appellant's complaints did not raise novel or complex issues and that he had the know-how to adequately investigate and present his case. *Id.* at 213. We find no abuse of discretion.

Appellant alleges that prison officials improperly opened and read his legal mail. Prison officials may censor nonlegal mail, *Guajardo v. Estelle*, 580 F.2d 748, 756–57 (5th Cir.1978), but not clearly-marked legal mail. *Wolff v. McDonnell*, 418 U.S. 539, 574–77, 94 S.Ct. 2963, 2983–85, 41 L.Ed.2d 935 (1974). The district court found that the prison officials did not open and read Freeze's legal mail. We have reviewed the record and are unpersuaded that this finding is clearly erroneous.

Freeze also complains that he was given medicine that had been dropped on the floor as well as medicine not meant for him. The district court did not err in dismissing these claims, for appellant testified that he did not take any wrong medicine and that he never suffered any ill effects

grounds of immunity and prescription because to do so will not implicate the merits of appellant's constitutional claims. *Serio v. Members* *of Louisiana State Board of Pardons*, 821 F.2d 1112, 1114–15 (5th Cir.1987).

from taking medicine that had fallen to the floor.

■ During the January 1987 hearing the trial court patiently explained and repeated his prior advice to Freeze that filing multiple § 1983 suits would not lead to his release from prison. That the district court did not find appellant's charges so redundant and frivolous as to warrant sanctions does not preclude a contrary decision on appeal. *See, e.g., Lay v. Anderson,* 837 F.2d 231, 232 (5th Cir.1988). Here, Freeze has filed three appeals and we have reviewed three sets of briefs and a seven-volume record containing repetitive and overlapping charges that the district court without doubt properly resolved on the basis of immunity, Freeze's inaction, or his vague and inspecific testimony. Our court, the district court, and the Cameron Parish authorities who defended this case in trial and on appeal have expended the taxpayers' resources in these fruitless multiple efforts. Freeze should not withdraw from court without paying a token sum to defray these costs. *Lay, supra.* We therefore tax $30.00 costs against Freeze pursuant to 28 U.S.C. § 1915(e). As in *Lay,* the costs are payable from his prison account or any other source of assets or income he may have. *Id.* We warn Freeze that further frivolous appeals will result in escalating sanctions. *Id.*

We AFFIRM the judgment of the district court and ORDER $30.00 costs to be taxed against appellant.[2]

---

2. As funds accumulate in appellant's prison account (prisoner # 99265) or he receives any other source of assets or income, the appropriate prison officials are ORDERED to withdraw such amount from such prison account or other source and forward it to the Clerk of the Court with the appropriate case number noted within thirty days of the date such amount comes within appellant's possession. The Clerk will provide a true copy of the ORDER to the parties and to the Director of Inmate Prison Accounts, Louisiana State Penitentiary, Angola, Louisiana 70712.