**Steven V. SUMMERS, Plaintiff,**

v.

**SALT LAKE COUNTY, et al.,
Defendants.**

**Civ. No. C–88–737G.**

United States District Court,
D. Utah, C.D.

June 1, 1989.

Steven V. Summers, pro se.

David Yocom, Salt Lake County Atty., for defendants.

1. Plaintiff's Complaint, at 2.

2. Plaintiff also filed a pleading entitled "Motion for Judgment on Pleadings" on February 24,

J. THOMAS GREENE, District Judge.

This matter is before the court on plaintiff's Objection to a Report and Recommendation of the U.S. Magistrate. The court has reviewed the entire file in this matter as well as the Report and Recommendation of the Magistrate, and plaintiff's Objections thereto, and has determined that oral argument would not be of material assistance and therefore will decide the matter on the basis of the record before the court.

This is an action brought by plaintiff under 42 U.S.C. § 1983 for the alleged denial of his rights to "access to the courts in a manner insuring privacy...." [1] Plaintiff has alleged that defendant D. Dillenbeck, the "Mail Officer" at Salt Lake County Jail, opened a letter addressed to plaintiff from the U.S. Magistrate. Plaintiff named as defendants Salt Lake County and the Salt Lake County Commissioners, Sheriff N.D. "Pete" Hayward, D. Dillenbeck, and John Does 1–6.

On November 9, 1988, after a *de novo* review of the entire file, this court issued an Order adopting the U.S. Magistrate's Report and Recommendation. The Magistrate's Report and Recommendation provided:

> If [an amended] complaint is filed within ten days of any order accepting this report and recommendation service of process should be allowed on defendant Dillenbeck.

Report and Recommendation of September 7, 1988, at 3. Manifestly, plaintiff Summers was made aware of the necessity to amend his complaint to name only defendant Dillenbeck within ten days of the entry of this court's Order of November 9, 1988. Plaintiff Summers did not, and to date has not, filed such an amended complaint. Instead, plaintiff filed a pleading entitled "Motion to Vacate Judgment" on November 23, 1988.[2]

1989, which basically asked for a ruling on plaintiff's Motion to Vacate Judgment.

On April 27, 1989, the Magistrate filed a Report and Recommendation on plaintiff's Motion to Vacate Judgment. The Magistrate found that the plaintiff's motion, though styled as a motion under Rule 59(e), was not timely filed under that Rule, and considered plaintiff's motion as a Rule 60(b) motion for relief based on mistake of law. The Magistrate recommended that the Motion to Vacate be denied because there was no mistake of law in the court's Order, and because "a motion under Rule 60(b) of the F.R.C.P. is not the appropriate method of challenging substantive decisions by the trial court." [3] The Magistrate also recommended dismissal of the entire action for plaintiff's failure to amend his complaint in compliance with this court's Order of November 9, 1988.

Plaintiff Summers objected to the Report and Recommendation of the Magistrate. The objection takes exception to the Magistrate's characterization of plaintiff's motion as a motion under Rule 60(b). No other substantive objection has been made to the Magistrate's Report and Recommendation.[4] This court must make a *de novo* review of those portions of the Report and Recommendation objected to by plaintiff.[5]

### ANALYSIS

Plaintiff's Motion to Vacate was brought under Rule 59(e). The Magistrate concluded that because this court's Order was entered on November 9, 1988, and plaintiff completed service of this motion by mail on November 21, 1988, the ten days provided for in Rule 59(e) had expired. Plaintiff objected to this characterization. In fact, it appears to the court that plaintiff had until November 23, 1988 to complete service under Rule 6(a), which excludes weekends in the computation of time periods of less than 11 days.[6] Accordingly, the court will regard plaintiff's motion as a Rule 59(e) motion to alter or amend this court's November 9, 1988 Order, as urged by the plaintiff. *See Miller v. Leavenworth–Jefferson Elec. Corp.*, 653 F.2d 1378, 1380 (10th Cir.1981) ("In general, a post-judgment motion that questions the correctness of the judgment is properly treated as a Rule 59(e) motion if it is filed within ten days of entry of judgment.").

Motions to alter or amend the judgment are those which call into question the correctness of a judgment on some material point of fact or law, and may properly be cast in the form of a motion to reconsider, to vacate, to set aside, for reargument, or for rehearing. *St. Paul Fire & Marine Ins. v. Continental Cas.*, 684 F.2d 691 (10th Cir.1982). Although there is "no requirement that a motion need raise new issues, facts or law to fall within Rule 59," *Gilmore v. Salt Lake Community Action Program*, 710 F.2d 632, 633 n. 3 (10th Cir.1983), plaintiff's Motion to Vacate simply realleges the facts and theories set forth in plaintiff's Complaint.[7] The essence of this court's November 9, 1988 Order was that, even taking plaintiff's factual allegations as true, plaintiff failed to state a valid claim against any defendant other than D. Dillenbeck. The Magistrate's conclusions in his September 1988

**3.** Report and Recommendation, at 4.

**4.** *See* Plaintiff's Exception to Report and Recommendation, dated May 2, 1989. In his objection, after a lengthy discussion about the Rule under which his motion should have been considered, plaintiff "move[d] this court to conduct a *de novo* adjudication of the matters contained in the instant case, and to specifically rule on the issues brought for adjudication in this Exception to the Report and Recommendation ..." *Id.* at 4–5.

**5.** 28 U.S.C. § 636(b)(1).

**6.** For purposes of this analysis only, the court will assume that its Order of November 9 consti-

tuted "entry of judgment" for purposes of Rule 59(e).

**7.** The only exception is "Point Five" in plaintiff's "Memorandum of Law in Support of Motion to Vacate Judgment," which alleges improper training of defendant Dillenbeck by supervisory officials. However, as the magistrate points out, supervisory liability for failure to train exists only where the failure to train amounts to deliberate indifference to the rights of those with whom the trainees will be in contact. *See City of Canton v. Harris,* — U.S. —, 109 S.Ct. 1197, 1204–05, 103 L.Ed.2d 412 (1989). Plaintiff Summers has plead no facts which could give rise to such an inference of deliberate indifference on the part of the County defendants.

Report and Recommendation, which were adopted by this court after a *de novo* review of the entire matter, were, and still are, valid. Plaintiff's complaint does not allege facts showing a policy, ordinance, or custom of Salt Lake County of opening legal mail. Further, it is the clear law of the Tenth Circuit that, in order to be liable under § 1983, "a defendant must have personally participated in the alleged deprivation." *Durre v. Dempsey*, 869 F.2d 543 (10th Cir.1989). Plaintiff has simply failed to aver any facts implicating any defendants (other than defendant Dillenbeck) personally in the alleged deprivation. Thus, plaintiff's Motion to Vacate is hereby denied.

As to defendant Dillenbeck, the Magistrate's September 7, 1988 Report and Recommendation (which was adopted by this court's November 9, 1988 Order) allowed plaintiff Summers ten days from the entry of the November 9 Order to amend his complaint to name only D. Dillenbeck as a defendant:

> The plaintiff's complaint is not in proper form for service and should be amended to name only D. Dillenbeck as defendant. If such a complaint is filed within ten days of any order accepting this report and recommendation service of process should be allowed on defendant Dillenbeck.

Magistrate's Report and Recommendation of September 7, 1988, at 3. However, rather than amending his complaint, plaintiff disregarded this court's direction and filed a Motion to Vacate this court's November 9, 1988 Order. Thus, in accordance with the terms of this court's November 9, 1988 Order, service of plaintiff's complaint will not be allowed on defendant D. Dillenbeck.

■ Based on plaintiff's failure to comply with this court's Order of November 9, 1988, and in light of plaintiff Summers' dilatory methods (in this and other cases) and his propensity for filing spurious actions, plaintiff's complaint is hereby dismissed as against all parties defendant.

■ Plaintiff Summers is directed to pay the Clerk of this court all costs associated with the filing of this action.[8] This taxing of costs against plaintiff reflects the fact that plaintiff is "no stranger to the federal courts." *Lay v. Anderson*, 837 F.2d 231, 232 (5th Cir.1988). Plaintiff's action arguably is not frivolous with respect to defendant D. Dillenbeck, but it is certainly frivolous as to the other defendants. An action need not be frivolous for a court to tax costs. 28 U.S.C. § 1915(a), (e); *Lay*, 837 F.2d at 232; *Flint v. Haynes*, 651 F.2d 970, 973 (4th Cir.1981), *cert. denied*, 454 U.S. 1151, 102 S.Ct. 1018, 71 L.Ed.2d 306 (1982); *Harris v. Forsyth*, 742 F.2d 1277, 1278 (11th Cir.1984). The frivolity of this action, when combined with plaintiff's disregard of this court's Order, the number of lawsuits plaintiff has filed in this court (34 at last count), and plaintiff's dilatory tactics in this action, compel this court to tax plaintiff Summers for costs. *See Lay*, 837 F.2d 232–33; *Lyons v. Sheetz*, 834 F.2d 493, 496 (5th Cir.1987) (pro se status does not preclude imposition of sanctions).

As further sanction, plaintiff Summers may file no further *in forma pauperis* actions in this court unless the judge to whom the case is assigned certifies that such action is in good faith or until plaintiff Summers has paid the costs taxed herein. *See Lay*, 837 F.2d at 232. Plaintiff Summers is also ORDERED to attach a copy of this Order to any future complaints filed in this District, and the Clerk of this Court is directed to refuse to file any complaint to which a copy of this Order is not attached.

IT IS SO ORDERED.

---

8. All of plaintiff Summers' available income and liquid assets are to be transferred by the appropriate prison officials to the Clerk of the Court until all costs are paid. *See Lay v. Anderson*, 837 F.2d 231, 233 n. 1 (5th Cir.1988).