Carroll Richard OLSON,
Plaintiff–Appellant,

v.

Harold D. COLEMAN, Deon Odell, Robert Red Maxwell, Mike Murrow, Kirk Deer, Carroll Deer, Robert Grimes, Jerry Mills, Paul "Chris" Nelson, Carla Olson, Defendants–Appellees.

No. 92–3019.

United States Court of Appeals,
Tenth Circuit.

June 22, 1993.

---

Carroll Richard Olson, pro se.

Before SEYMOUR and ANDERSON, Circuit Judges, and RUSSELL,** District Judge.

STEPHEN H. ANDERSON, Circuit Judge.

Carroll Richard Olson filed a pro se complaint against ten defendants pursuant to 42 U.S.C. § 1983. He alleged, among other things, that seven of the defendants attempted to falsely arrest him, assaulted and battered him, slandered him, and trespassed upon his property. The remaining three defendants (the county attorney, sheriff, and undersheriff) allegedly failed to prosecute the other seven defendants. In four separate orders the district court dismissed the claims against nine of the defendants for lack of subject matter jurisdiction and failure to state a claim. Olson filed two appeals from the district court's orders. A panel of this court dismissed the appeals, however, because the orders were not final. The district court had not adjudicated Olson's claims against the tenth defendant, Carla Olson. The district court has now dismissed the claims against Carla Olson for lack of subject matter jurisdiction, and Olson submits the "entire case" for our review.[1] Notice of Appeal, Rec., Doc. 78. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm the five orders dismissing all claims against the ten defendants for substantially the same reasons stated by the district court.

■ In its most recent order, the district court explained with clarity that Olson's claims were not actionable under § 1983.

---

** Honorable David L. Russell, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

1. After examining the appellant's brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Olson failed to allege he had "been deprived of a *federal* right, since all of his claims are based on state tort law." The court explained further that the "state action" requirement of § 1983 had not been met because Olson failed to allege any factual basis to support conspiracy or joint participation between the private actors and state officials. Upon review of the record, we find no basis for reversing the district court.

■■■ Appellees Mike Murrow, Robert Maxwell, Kirk Deer, Robert Grimes, and Jerry Mills charge that Olson's appeal is frivolous and have moved this court for sanctions under Fed.R.App.P. 38. Olson has responded. An appellate court may assess just damages, including attorneys' fees and single or double costs, when an appeal is frivolous or brought for purposes of delay. Fed.R.App.P. 38; *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir.1987). "An appeal is frivolous when 'the result is obvious, or the appellant's arguments of error are wholly without merit.'" *Braley*, 832 F.2d at 1510 (quoting *Taylor v. Sentry Life Ins. Co.*, 729 F.2d 652, 656 (9th Cir.1984) (citation omitted)).

On appeal, Olson fails to raise a single, specific allegation of error by the district court. He faults the district court for not granting relief and for applying "the law of the old west in Dodge City Kansas." In his brief, he recites allegations which are factually and legally irrelevant to this action, and which have been raised repeatedly in numerous papers previously filed by Olson in other cases. Olson has made some thirty-seven in forma pauperis filings with this court since 1989, twenty-six of which have been affirmed, dismissed, or denied without recorded dissent.[2] (*See* Appendix.) In addition, Olson has filed at least fifteen petitions for rehearing. His filings characteristically contain wholly unsupported allegations of religious and political bias on the part of judges, parties, and nonparties.

We agree that the present appeal, which fails to present any reasonable argument that the district court erred in its disposition, is frivolous. To compensate appellees for

their costs, we assess double costs pursuant to Fed.R.App.P. 38 and attorneys' fees. Appellees are allowed fourteen days to file an itemized and verified statement of their costs with the clerk of the court of appeals so that we may determine the amount to be awarded as double costs. Olson will have seven days in which to contest the amount requested. We remand the case to the district court for a determination of attorneys' fees. The district court shall modify its judgment accordingly.

■■■ Olson was permitted to appeal without prepayment of costs and fees. However, allowing the commencement of a suit in forma pauperis pursuant to 28 U.S.C. § 1915(a) does not preclude the court from assessing costs at the conclusion of the suit. *Duhart v. Carlson*, 469 F.2d 471, 478 (10th Cir.1972), *cert. denied*, 410 U.S. 958, 93 S.Ct. 1431, 35 L.Ed.2d 692 (1973); *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir.), *cert. denied*, 450 U.S. 985, 101 S.Ct. 1524, 67 L.Ed.2d 821 (1981). Section 1915(a) permits the commencement of a suit "without *prepayment* of fees and costs," while § 1915(e) authorizes the taxing of "costs at the conclusion of the suit or action as in other cases." (Emphasis added.) Courts of appeals interpreting these subsections have concluded that costs may be assessed against persons who had been previously granted in forma pauperis status. *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir.1991); *Lay v. Anderson*, 837 F.2d 231, 232–33 (5th Cir.1988); *Harris v. Forsyth*, 742 F.2d 1277, 1278 (11th Cir.1984); *Flint v. Haynes*, 651 F.2d 970, 972–73 (4th Cir.1981), *cert. denied*, 454 U.S. 1151, 102 S.Ct. 1018, 71 L.Ed.2d 306 (1982).

In *Duhart* we held that a court could tax costs if satisfied that the action was malicious or frivolous. 469 F.2d at 478. Other courts, however, have concluded that § 1915(e) authorizes costs "against an unsuccessful *in forma pauperis* litigant whether or not the claim was frivolous or simply unmerited." *Weaver*, 948 F.2d at 1008. *See also Lay*, 837 F.2d at 232; *Harris*, 742 F.2d at 1278; *Flint*,

---

**2.** Twice, Olson obtained favorable judgments, permitting further proceedings in district court. Neither decision dealt with the merits of the underlying complaint. The nine remaining appeals are pending.

651 F.2d at 973 and n. 8. We have no occasion to consider whether costs could be imposed where a claim is neither frivolous nor malicious because this appeal is frivolous. In light of the frivolity of this appeal and Olson's history of vexatious and frivolous filings, we tax Olson with the $105 fee associated with filing this action. 28 U.S.C. § 1915(e). This amount is payable directly from Olson's prison account or any other source of his income or assets.[3] *Lay*, 837 F.2d at 232.

 "The goal of fairly dispensing justice ... is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests." *In re Sindram*, 498 U.S. 177, 179–80, 111 S.Ct. 596, 597, 112 L.Ed.2d 599 (1991). Federal courts have inherent power to impose "[a]ppropriate restriction on a litigant's ability to commence abusive litigation in forma pauperis." *Johnson v. Cowley*, 872 F.2d 342, 344 (10th Cir.1989) (citing *In re McDonald*, 489 U.S. 180, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989)). We decline at this time to impose further sanctions. However, we

caution Olson that he will not be permitted to proceed in forma pauperis in the future if he continues to abuse the judicial process through frequent frivolous filings. *See Demos v. Storrie*, ⸺ U.S. ⸺, ⸺, 113 S.Ct. 1231, 1232, 122 L.Ed.2d 636 (1993) (directing clerk to reject future petitions in noncriminal matters unless fee was paid because in forma pauperis petitioner "refused to heed ... prior warning" to desist from filing frivolous petitions). The district court, of course, remains free to impose appropriate restrictions on abusive litigants. *See Tripati v. Beaman*, 878 F.2d 351 (10th Cir.1989) (listing restrictions available to the district court).

Olson's motion for emergency injunctive relief alleging a denial of access to the courts is DENIED; the motions for sanctions filed by Mike Murrow, Robert Maxwell, Kirk Deer, Robert Grimes, and Jerry Mills are GRANTED; and the judgment of the United States District Court for the District of Kansas is AFFIRMED. This case is remanded to the district court for a determination of attorneys' fees.

APPENDIX

| Termination Date | Case Nos. | Opposing Party | Case Type | Disposition |
|---|---|---|---|---|
| 05/11/90 | 89–3253 | Chanute Prod. Credit Assoc. | Appeal | Affirmed |
| 03/05/90 | 89–3254 | Chanute Prod. Credit Assoc. | Appeal | Affirmed |
| 03/05/90 | 89–3255 | Nelson | Appeal | Reversed |
| 05/16/90 | 90–3092 | Robson | Appeal | Dismissed |
| 08/06/90 | 90–3141 | Nelson | Appeal | Dismissed |
| 06/03/90 | 90–3347 | Hart, Judge | Appeal | Reversed |
| 12/19/91 | 91–3127) 91–3223) | Murrow | Appeal | Dismissed |
| 09/30/92 | 91–3229 | Ninth District Prod. Credit Assoc. | Appeal | Affirmed |
| 04/24/92 | 91–3392 | Paddock | Appeal | Dismissed |
| 10/22/91 | 91–3266 | Robson | Appeal | Dismissed |
| 02/08/93 | 92–3146 | Robson | Appeal | Affirmed |
| 03/31/92 | 92–515 | O'Connor, Judge | Mandamus | Denied |
| 05/01/92 | 92–534 | Saffels, Judge | Mandamus | Denied |
| 07/28/92 | 92–562 | Kelly, Judge | Mandamus | Denied |

**3.** Following the procedure adopted by the Fifth Circuit in *Lay*, we direct the appropriate prison official to withdraw $105 from Olson's prison account and transfer that sum to the clerk of this court, noting the appropriate case number. If the prison account contains insufficient funds to fully satisfy the costs we have imposed, then additional funds shall be transferred within thirty days of such funds accumulating in the account. The clerk of this court shall provide a copy of this order to the parties and to the Director of Inmate Prison Accounts, Lansing Correctional Facility, Lansing, Kansas 66043.