1 F.3d 1247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Everett E. OSBORNE, Plaintiff-Appellant,
v.
Chase RIVELAND, et al., Defendants-Appellees.
 No. 93-35290.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided July 28, 1993.
 
 Before BROWNING, TANG and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Everett E. Osborne appeals pro se the district court's order denying his motion to review the Clerk's order taxing costs against him. We have jurisdiction under 28 U.S.C. Sec. 1291. We review the district court's order taxing costs for an abuse of discretion, Alfex Corp. v. Underwriters Lab., Inc., 914 F.2d 175, 176 (9th Cir.1990), cert. denied, 112 S.Ct. 61 (1991), and we affirm.
 
 
 3
 Osborne contends that, because his action was not frivolous, and because he is an indigent litigant proceeding in forma pauperis under 28 U.S.C. Sec. 1915(a), the district court abused its discretion in taxing costs against him.[1] We disagree. A prevailing party is ordinarily entitled to recover costs as a matter of course, unless the court otherwise directs. Fed.R.Civ.P. 54(d). The explicit language of this rule makes an award of costs to the prevailing party automatic. Cf. Subscription Television, Inc. v. Southern Cal. Theatre Owners Ass'n, 576 F.2d 230, 234 (9th Cir.1978) (finding an abuse of discretion when trial court failed to state reasons when it denied costs to the prevailing party). This is so even in the case of an indigent litigant who has been granted leave to proceed in forma pauperis. 28 U.S.C. Sec. 1915(e); see Lay v. Anderson, 837 F.2d 231, 232 (5th Cir.1988) (adopting the approach of the 4th and 11th Circuits and holding that the court's discretionary power to tax costs is not limited to frivolous lawsuits); Flint v. Haynes, 651 F.2d 970, 973-74 (4th Cir.1981) (finding no reason to treat indigents differently from non-indigents, who are routinely forced to decide whether their claim is worth the risk), cert. denied, 454 U.S. 1151 (1982).
 
 
 4
 Because the award of costs is not limited to frivolous actions, see National Organization for Women v. Bank of California, Nat'l Ass'n, 680 F.2d 1291, 1294 (9th Cir.1982), and may be awarded against indigent litigants proceeding in forma pauperis, see 28 U.S.C. 1915(e), we find that the district court properly exercised its discretion in denying Osborne's motion to review the Clerk's order taxing costs.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Osborne also contends that appellees failed to comply with Local Rule 54(d) because Osborne was given only three days actual notice in which to file an opposition to the bill of costs. We disagree. Local Rule 54(d) requires that costs be taxed no earlier than five days after service of the bill of costs. The bill of costs was served on September 10, 1992 and was docketed for hearing on September 17, 1992. Consequently, appellees complied with Local Rule 54(d)