IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20267
Summary Calendar
_____


ANTHONY MOORE, JR.,

Plaintiff-Appellant,

versus

ANTHONY BUTLER; RANDALL P. MEDLEY;
CARL D. VEST; HORACE W. FREZIA;
CRAIG BARROW,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-96-CV-1552
--------------------
June 11, 2002

Before JONES, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Anthony Moore, Jr., Texas inmate # 517882, appeals from the entry of a final judgment in favor of defendants Anthony Butler, Carl D. Vest, and Craig Barrow following a jury trial on his excessive-force claims under 42 U.S.C. § 1983. Moore contends that (1) the district court erred by not appointing counsel; (2) he did not receive adequate notice of his trial date; (3) the district

 [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court erred under FED. R. EVID. 404(b) by refusing to admit evidence of the use of excessive force by defendant Butler in a separate incident; (4) the defendants violated Brady v. Maryland, 373 U.S. 83 (1963); (5) the district court erred by not giving certain jury instructions; (6) the trial court and the defendants improperly refused to subpoena witnesses Teresa Lanoue and Michael Parrish; (7) the district judge should have recused herself; and (8) the defendants and their witnesses committed perjury.

We turn first to Moore's arguments asserting pre-trial error. Moore has not shown that his case involved "exceptional circumstances" such that he was entitled to appointment of counsel. See Wendell v. Asher, 162 F.3d 887, 892 (5th Cir. 1998). Moore's argument that the district court failed to provide notice of his trial is refuted by the record, which shows that Moore was advised of his trial date in a conference conducted on November 7, 2000. As Brady has no application in the context of a civil rights case, we construe Moore's brief as arguing that the defendants violated the Federal Rules of Civil Procedure or the orders of the district court with respect to discovery. Our review of the record uncovers no such violation.

Moore has not shown that he requested that a subpoena be issued to Lanoue. There is no requirement that a trial court issue a subpoena absent a showing that the plaintiff requested its issuance. See Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988). Moore has not shown that the district court abused its

discretion by refusing his eleventh-hour request to subpoena Parrish, as Moore has not demonstrated that "any relevant testimony was excluded" by Parrish's absence, and has not "demonstrated a substantial showing of need" for his testimony. See Cupit v. Jones, 835 F.2d 82, 86-87 (5th Cir. 1987).

We next turn to Moore's assertions of trial error. In order to admit evidence under Rule 404(b), the district court must determine both that (1) the evidence is relative to an issue other than character, and (2) the probative value of the evidence is substantially outweighed by its undue prejudice and that the evidence satisfies the other considerations of FED. R. EVID. 403. See United States v. Elwood, 993 F.2d 1146, 1153 (5th Cir. 1993). Moore makes no argument that the district court's determination that the probative value of the evidence was outweighed by its undue prejudice and did not meet the other requirements of Rule 403 was an abuse of discretion. Moore has therefore abandoned this issue. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9). Because Moore made no objection to the instructions provided to the jury, our review is for plain error. See Tompkins v. Cyr, 202 F.3d 770, 783 (5th Cir. 2000). Moore has failed to show that the district court committed any error, plain or otherwise, with respect to the jury instructions.

Moore has made no showing that recusal of the district judge was in order. The record in no way causes a "well-informed, thoughtful and objective observer [to] question the court's

impartiality." <u>Trust Co. of La. v. N.N.P., Inc.</u>, 104 F.3d 1478, 1491 (5th Cir. 1997). In order to obtain relief based on allegations of perjury, an appellant must present clear and convincing evidence" of perjury and show that the "perjured testimony prevented [him] from fully and fairly presenting [his] case." <u>Diaz v. Methodist Hosp.</u>, 46 F.3d 492, 496-497 (5th Cir. 1995). Moore has failed to make the required showing.

**AFFIRMED.**