# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 21, 2011

No. 10-30492
Summary Calendar

Lyle W. Cayce
Clerk

LEONARD EVERY,

Plaintiff-Appellant

v.

BOBBY JINDAL; JAMES LEBLANC; LYNN COOPER; BLAINE
VILLEMARETTE; SCOTT GAUTHIER; STACY BENJAMIN,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:09-CV-671

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Leonard Every, Louisiana prisoner # 116913, alleged in a 42 U.S.C. § 1983 action that Louisiana Governor Bobby Jindal and officers and employees of the Louisiana Department of Corrections conspired to deprive him of his constitutional right to use the mail, and that they committed various acts of nepotism and malfeasance. In the only four claims relevant to this appeal, Every challenges the dismissal of claims concerning three instances of mail

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

censorship related to litigation in state court (Claims One, Two, and Four), and the censorship of a letter to a Louisiana civil service official (Claim Three). All other claims that were raised in the district court, including all claims against Governor Jindal, are waived by Every's failure to brief them here. *See Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998).

The district court dismissed the claims both as frivolous and for failing to state a claim under 28 U.S.C. §§ 1915 & 1915A and 42 U.S.C. § 1997e. We review its ruling de novo. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

A prisoner's right to be free from unlawful interference with his mail, including outgoing legal mail, arises from two distinct rights, the right of access to the courts and the right of free speech, which is "the right to be free from unjustified governmental interference with communication." *Brewer v. Wilkinson*, 3 F.3d 816, 820-21, 825-26 (5th Cir. 1993). To state a claim that interference with mail denied him access to court, a prisoner must show an actual injury by establishing that he was prevented from raising a nonfrivolous claim concerning his conviction or the conditions of his confinement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999); *see Lewis v. Casey*, 518 U.S. 343, 349-50 (1996). If a prisoner contends that he was prevented from litigating a claim that does not challenge his conviction or the conditions of his confinement, he alleges no injury that would bring his claim within the scope of his right of access to court. *See Jones*, 188 F.3d at 354; *Ruiz*, 160 F.3d at 275.

In his first, second, and fourth claims, Every asserts that mail censorship prevented him from litigating in state court. He has expressly declined to explain what nonfrivolous claims he was prevented from raising and has thus abandoned any challenge to the dismissal of these access-to-court claims. *See Ruiz*, 160 F.3d at 275. Moreover, the record supports the district court's conclusion that Every suffered no legal prejudice. *See Lewis*, 518 U.S. at 349-50.

2

No. 10-30492

We affirm the district court's dismissal of Every's three access-to-court claims pertaining to state court litigation.

However, Every's third claim is different, as are his distinct assertions that all four instances of mail censorship denied him his First Amendment right to free speech. Prisoners retain free speech rights consistent "with the legitimate penological objectives of the corrections system,"and restrictions on those rights cannot be greater than necessary to protect the correctional interests involved. *Brewer*, 3 F.3d at 821-22 (internal quotation marks, citations, and alterations omitted). Thus, the First Amendment protects a prisoner from mail censorship that is not "reasonably related to legitimate penological interests." *Thornburgh v. Abbott*, 490 U.S. 401, 409-12 (1989); *Turner v. Safley*, 482 U.S. 78, 89 (1987), *see also Brewer*, 3 F.3d at 823-25 & n.9. Prison officials may not censor clearly-marked legal mail. *Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988). Censorship's effect on free speech "need not be great in order to be actionable." *Keenan v. Tejeda*, 290 F.3d 252, 259 (5th Cir. 2002); *see McNamara v. Moody*, 606 F.2d 621, 623, 625-27 (5th Cir. 1979) (upholding an award of nominal damages, attorneys' fees, and injunctive relief to a prisoner).

In *Brewer*, where the defendants allegedly censored a prisoner's legal mail, we distinguished a free speech claim from an access-to-court claim and noted that different reviewing criteria apply to each claim. *Brewer*, 3 F.3d at 825-26. We did not impose a legal prejudice requirement on the free speech claim, even though it concerned the same mail as did the access-to-court claim. *Id*. at 826.

The district court regarded all of Every's claims as access-to-court claims and thus did not address Every's distinct free speech claims. The court also incorrectly applied an access-to-court analysis to Every's claim concerning nonlegal mail to the civil service agency. *See Taylor v. Sterrett*, 532 F.2d 462, 478-80 (5th Cir. 1976).

Accordingly, we vacate the district court's dismissal to the extent that it tacitly rejected Every's free speech claims without considering them. On

remand, the district court should consider, in light of *Brewer*, whether Every has stated free speech claims concerning his state court litigation or his nonlegal mail.  We note that the district court need not reach the merits of any claim against any defendant if dismissal is warranted on other grounds.

AFFIRMED IN PART; VACATED IN PART, AND REMANDED.