FILED
United States Court of Appeals
Tenth Circuit

June 22, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

VIRGIL F. RICE,

      Plaintiff - Appellant,

v.

PRESIDENT DONALD J. TRUMP,[*]

      Defendant.

No. 17-1009
(D.C. No. 1:16-CV-2104-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[**]
_____

Before **MATHESON**, **McKAY**, and **MORITZ**, Circuit Judges.
_____

      Virgil F. Rice appeals pro se the district court's dismissal of his motion to

compel, which the district court construed as being a complaint in the nature of

mandamus. Rice has filed a motion under 28 U.S.C. § 1915 seeking leave to proceed

on appeal in forma pauperis (IFP). Exercising jurisdiction under 28 U.S.C. § 1291,

we deny his motion for leave to proceed IFP and dismiss his appeal as frivolous.

_____

    [*] In accordance with Rule 43(c)(2) of the Federal Rules of Appellate
Procedure, Donald J. Trump is substituted for Barack Obama as the defendant in this
action.

    [**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Rice is serving a sixty-year sentence in the Colorado Department of Corrections following his conviction for sexually assaulting his two guardian daughters and one biological daughter while they were minors. Rice admits that he fled the country prior to trial, which led to him being extradited from Spain. The Colorado Court of Appeals affirmed Rice's convictions and sentence, and the Colorado Supreme Court denied his petition for a writ of certiorari. Rice then filed a state post-conviction motion seeking relief from his sentence, which the trial court denied.

After these unsuccessful attempts to challenge his conviction and sentence, Rice filed two more state post-conviction motions, and also filed in federal district court a "Motion to Compel United States President Barack Obama to Discharge His Duty Pursuant to 18 USC § 3192 and Request for Relief." He subsequently filed an amended motion to compel. His amended motion alleged that the State of Colorado perpetrated acts of "lawless violence"[1] against him by incarcerating him "not in accordance with state and federal law" and by denying him "both constitutional and civil rights protections" while he has been imprisoned. R. at 134. Rice requested that the district court order the President to intervene and protect Rice from these

---

[1] This language comes from the statutory provision under which Rice sought relief. It provides that: "Whenever any person is delivered by any foreign government to an agent of the United States, for the purpose of being brought within the United States and tried for any offense of which he is duly accused, the President shall have power to take all necessary measures for the transportation and safekeeping of such accused person, and for his security against *lawless violence*, until the final conclusion of his trial for the offenses specified in the warrant of extradition, and until his final discharge from custody or imprisonment for or on account of such offenses . . . ." 18 U.S.C. § 3192 (emphasis added).

"state sponsored acts of lawless violence." *Id*. at 136; *see also id*. at 133 (seeking intervention from the district court to compel the President to "supervise the conduct of both the Colorado courts and its Department of Corrections to insure that further violations of the law are not permitted in this matter").

Rice also specifically requested that the district court not construe his motion as one seeking habeas relief pursuant to 28 U.S.C. § 2254 because he had not yet exhausted his state court remedies. Similarly, he requested that the district court not construe his motion as an action pursuant to 42 U.S.C. § 1983 because he had not exhausted his administrative remedies through the prison grievance process.

The district court construed Rice's amended motion to compel as a complaint in the nature of mandamus, concluded that the action should be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), and denied IFP status on appeal after determining that any appeal from the order would not be taken in good faith. Rice then filed a motion for reconsideration, which the district court denied. Rice now seeks to appeal.

When a prisoner is seeking to proceed IFP on appeal, we must sua sponte dismiss the appeal if we determine that it is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Olson v. Coleman*, 997 F.2d 726, 728 (10th Cir. 1993) (internal quotation marks omitted).

In determining that Rice's motion to compel was frivolous, the district court noted, among other things, that: mandamus is an extraordinary remedy, Rice had

3

other remedies to pursue his claims, and Rice had failed to demonstrate that those alternative remedies were not adequate. As the court explained: "To the extent [Rice] claims he was convicted in violation of his rights under the United States Constitution or a treaty of the United States, he may pursue his claims in state court and, if unsuccessful, file a federal application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after exhausting available state remedies." R. at 194. Likewise, the court explained: "To the extent [Rice] claims the conditions of his confinement violate his constitutional rights, he may pursue those claims in an action pursuant to 42 U.S.C. § 1983." *Id*.

Rice, of course, knew of these remedies, but in an attempt to circumvent these procedurally proper vehicles to collaterally attack his conviction and his conditions of confinement, he filed his motion to compel. He appears to have done so due to his belief that the State of Colorado is moving at a "glacial pace" in determining the lawfulness of his detention, *id*. at 133, and also due to his desire to avoid exhausting his grievances through the prison administrative process as he contends he has "fil[ed] 120 such grievances without success," *id*. at 127. But his dissatisfaction with the pace of the Colorado state court system and his lack of success in filing grievances does not justify the filing of a frivolous action seeking the extraordinary and unprecedented remedy of compelling the President to intervene in Rice's state court proceedings and in the Colorado Department of Correction's administration of its prison system.

4

The district court reminded Rice that he had other available remedies to obtain the relief he sought, dismissed his action as frivolous, and stated that an appeal would not be taken in good faith, but Rice persisted in filing in appeal. We conclude that this appeal is frivolous. Rice is knowingly seeking to evade or circumvent the appropriate means of both challenging his conviction and raising claims related to his conditions of confinement, and therefore the result of his appeal is obvious. He offers no reasoned argument addressing how the district court erred in concluding that he has alternate remedies that he should be pursuing.

We deny Rice's motion to proceed IFP and dismiss his appeal. Our dismissal will count as a second strike. *See Jennings v. Natrona Cty. Det. Ctr*., 175 F.3d 775, 780 (10th Cir. 1999), *overruled in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759 (2015) ("If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes."). Rice is reminded that he must make immediate payment of the unpaid balance of his appellate filing fee in this case.

We also deny Rice's motion for injunctive relief filed on June 6, 2017, as it appears to seek relief related to a new claim complaining about his conditions of confinement. To the extent the motion seeks injunctive relief pending appeal pursuant to Fed. R. App. P. 8, we deny it as moot as this appeal is now terminated.

Entered for the Court

Nancy L. Moritz
Circuit Judge

5