United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 25, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

―――――――――――

No. 02-41505
Summary Calendar

―――――――――――

DEVENDRA PRAKASH BABULAL BANSAL,

Plaintiff-Appellant,

versus

LAMAR UNIVERSITY, Beaumont, Texas; ACTING
PRESIDENT LAMAR UNIVERSITY, Beaumont, Texas
1997; ACTING PRESIDENT LAMAR UNIVERSITY,
Beaumont, Texas 1998; ACTING PRESIDENT
LAMAR UNIVERSITY, Beaumont, Texas 1999;
ACTING PRESIDENT LAMAR UNIVERSITY, Beaumont,
Texas 2000; ACTING PRESIDENT LAMAR UNIVERSITY,
Beaumont, Texas 2001; ACTING PRESIDENT LAMAR
UNIVERSITY, Beaumont, Texas 2002; ACTING STUDENT
AFFAIRS VICE PRESIDENT LAMAR UNIVERSITY,
Beaumont, Texas 1997; ACTING STUDENT AFFAIRS
VICE PRESIDENT LAMAR UNIVERSITY, Beaumont,
Texas 1998; ACTING STUDENT AFFAIRS VICE
PRESIDENT LAMAR UNIVERSITY, Beaumont, Texas 1999;
ACTING STUDENT AFFAIRS VICE PRESIDENT LAMAR
UNIVERSITY, Beaumont, Texas 2000; ACTING
STUDENT AFFAIRS VICE PRESIDENT LAMAR UNIVERSITY,
Beaumont, Texas 2001; ACTING STUDENT AFFAIRS
VICE PRESIDENT LAMAR UNIVERSITY, Beaumont,
Texas 2002; ACTING EXECUTIVE VICE PRESIDENT FOR
ACADEMIC AFFAIRS LAMAR UNIVERSITY, Beaumont, Texas
1997; ACTING EXECUTIVE VICE PRESIDENT FOR ACADEMIC
AFFAIRS LAMAR UNIVERSITY, Beaumont, Texas 1998;
ACTING EXECUTIVE VICE PRESIDENT FOR ACADEMIC
AFFAIRS LAMAR UNIVERSITY, Beaumont, Texas 1999;
ACTING EXECUTIVE VICE PRESIDENT FOR ACADEMIC

AFFAIRS LAMAR UNIVERSITY, Beaumont, Texas 2000;
ACTING EXECUTIVE VICE PRESIDENT FOR ACADEMIC
AFFAIRS LAMAR UNIVERSITY, Beaumont, Texas 2001;
ACTING EXECUTIVE VICE PRESIDENT FOR ACADEMIC
AFFAIRS LAMAR UNIVERSITY, Beaumont, Texas 2002;
ACTING ASSOCIATE VICE PRESIDENT FOR ACADEMIC
AFFAIRS LAMAR UNIVERSITY, Beaumont, Texas 1997;
ACTING ASSOCIATE VICE PRESIDENT FOR ACADEMIC
AFFAIRS LAMAR UNIVERSITY, Beaumont, Texas 1998;
ACTING ASSOCIATE VICE PRESIDENT FOR ACADEMIC
AFFAIRS LAMAR UNIVERSITY, Beaumont, Texas 1999;
ACTING ASSOCIATE VICE PRESIDENT FOR ACADEMIC
AFFAIRS LAMAR UNIVERSITY, Beaumont, Texas 2000;
ACTING ASSOCIATE VICE PRESIDENT FOR ACADEMIC
AFFAIRS LAMAR UNIVERSITY, Beaumont, Texas 2001;
ACTING ASSOCIATE VICE PRESIDENT FOR ACADEMIC
AFFAIRS LAMAR UNIVERSITY, Beaumont, Texas 2002;
ET AL,

Defendants-
Appellees.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CV-322
-----------------------------------------------------------------

Before SMITH, DeMOSS AND STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff Devendra Prakash Babulal Bansal, proceeding *pro se* appeals the district court's

dismissal of his complaint raising federal and state-law claims challenging his departure from Lamar

University, various arrests and convictions, the seizure of his property, and his treatment by university

officials. He does not challenge the district court's conclusion that he failed to exhaust his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-2-

administrative remedies on any employment claims that he may have raised under Title VII of the Civil Rights Act of 1964. He also does not challenge the district court's conclusion that various criminal statutes cited by Bansal in his complaint do not set forth private causes of action. Any claims on these grounds are therefore deemed abandoned. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Bansal contends that the district court erred in dismissing as untimely his federal law claims that he raised in his original complaint. The claims that he presented are facially untimely. See 42 U.S.C. § 1986; Owens v. Okure, 488 U.S. 235, 243-48 (1989); Frazier v. Garrison Indep. School Dist., 980 F.2d 1514, 1521 (5th Cir. 1993). Bansal's "affidavits" supporting his claims that he was threatened and coerced into not filing his complaint until he was no longer in INS custody may not be reviewed by this court. United States v. Flores, 887 F.2d 543, 546 (5th Cir. 1989). Bansal has not shown that he is suffering from a continuing tort, as his claims arose when he learned of the relevant events. Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995). The judgment of the district court is AFFIRMED on this ground.

Bansal's challenges to his convictions and any challenges to his arrests that could call into question the validity of his convictions are unavailing at this time because Bansal has not established that his convictions have been overturned. Heck v. Humphrey, 512 U.S. 477 (1994). The claims are not untimely, as they do not arise until Bansal has shown that his convictions have been declared invalid. However, this court may affirm the dismissal of these claims on the alternate ground. Bickford v. Int'l Speedway Corp., 654 F.2d 1028, 1031 (5th Cir. 1981).

Bansal contends that the district court did not address several of his claims. The district court addressed all of his federal and state-law claims *en masse* and therefore considered his claims.

Bansal also asserts that the district court abused its discretion in denying his motion to amend. Because Bansal had not yet amended his complaint at the time he filed his objections/motion to amend his complaint, and because no responsive pleadings had been filed, the district court abused its discretion in denying the motion. See Horton v. Cockrell, 70 F.3d 397, 402 (5th Cir. 1995). Moreover, this error does not appear harmless; Bansal alleged that he was denied due process when he was expelled from the university in April 2001. This claim arises within the two-year limitations period for claims arising under 42 U.S.C. § 1983 and other federal statutes. Therefore, the judgment of the district court is VACATED and the case REMANDED for further consideration of this single issue, added to Bansal's complaint through his motion to amend.

Bansal has moved for appointment of counsel and an investigator. He has not established that extraordinary circumstances exist warranting such an appointment. Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). Consequently, the motion is DENIED.

AFFIRM IN PART; VACATE AND REMAND IN PART; DENY MOTION.