United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 24, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 03-20625
c/w No. 03-20638
Summary Calendar

---

DEVENDRA PRAKASH BABULAL BANSAL,

Plaintiff-Appellant,

versus

CONSULATE GENERAL OF INDIA HOUSTON; SHRI S. R. TAYAL, The
Consul General; CONSUL GENERAL (APRIL-MAY 2001); MR. VISHNU
N. HADE; EMBASSY OF INDIA, WASHINGTON; JOHN ASHCROFT, U. S.
ATTORNEY GENERAL; IMMIGRATION AND NATURALIZATION SERVICE
C/O COMMISSIONER; RICHARD CRAVENER, Immigration and
Naturalization Service District Director; GREGORY DEMARY,
Immigration and Naturalization Service; PAUL BARROW,
Immigration and Naturalization Service; HIPOLITO
ACOSTA, Immigration and Naturalization Service,

Defendants-Appellees.

---

No. 03-20788
Summary Calendar

---

DEVENDRA PRAKASH BABULAL BANSAL,

Plaintiff-Appellant,

versus

IMMIGRATION AND NATURALIZATION SERVICE; LAMAR UNIVERSITY,
C/O President; DR. JAMES M. SIMMONS, President;
MIKE FERGUSON, JR., Vice President,

Defendants-Appellees.

No. 04-20033
Summary Calendar

DEVENDRA PRAKASH BABULAL BANSAL,

Plaintiff-Appellant,

versus

CONSULATE GENERAL OF INDIA HOUSTON; SHRI S. R. TAYAL, The
Consul General; CONSUL GENERAL (APRIL-MAY 2001); VISHNU N.
HADE; EMBASSY OF INDIA WASHINGTON; JOHN ASHCROFT, U. S.
ATTORNEY GENERAL; IMMIGRATION AND NATURALIZATION SERVICE
C/O COMMISSIONER; RICHARD CRAVENER, INS District Director;
GREGORY DEMARY, INS; PAUL BARROW, INS; HIPOLITO ACOSTA, INS,

Defendants-Appellees.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. H-03-MC-191
USDC No. H-03-CV-1902
USDC No. H-03-CV-2502
--------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Devendra Bansal appeals from the district court's denial of

in forma pauperis ("IFP") status and the dismissal of two pro se

civil rights complaints filed against numerous defendants.  He

has also filed redundant motions to proceed IFP, for appointment

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of counsel, and to reinstate appeal no. 04-20033. Bansal is a citizen of India who was suspended from school in 1997 and deported in May 2001 following two misdemeanor convictions for harassment in Texas. He has a lengthy history of challenging his convictions, suspension, and deportation in three different district courts and in numerous appeals via petitions for habeas corpus and civil rights suits.[**] The instant appeals are the latest in Bansal's voluminous, repetitive litigation. Bansal's motion to reinstate appeal no. 04-20033 is GRANTED. Bansal has moved to consolidate appeal nos. 03-20625, 03-20638, and 04-20033. Because those appeals share a common record, the motion is GRANTED. We also consolidate appeal no. 03-20788. See FED. R. APP. P. 3(b)(2).

Bansal concedes that the instant complaints he filed in the Southern District of Texas, captioned Bansal v. INS and Bansal v. Consulate General of India, are duplicative of two complaints he filed in nearly identical litigation in the Eastern District of Texas. We conclude that the instant appeals therefore lack

---

[**] See, e.g., Bansal v. Warden, No. 00-41338 (5th Cir. Feb. 21, 2002)(unpublished); Bansal v. Warden, No. 01-41454 (5th Cir. June 26, 2002)(unpublished); Bansal v. State of Texas, No. 02-40540 (5th Cir. May 15, 2003)(unpublished); Bansal v. Warden, No. 03-41110 (5th Cir. March 16, 2004)(unpublished); Bansal v. State of Texas, No. 03-40713 (5th Cir. March 18, 2004)(unpublished); Bansal v. Lamar Univ., No. 02-41505 (5th Cir. Feb. 25, 2004) (unpublished); Bansal v. Orange City Mayor, No. 03-41110 (5th Cir. March 16, 2004)(unpublished); Bansal v. Lamar Univ., No. 1:02-CV-710 (E.D. Tex. July 22, 2003); Bansal v. INS, No. 1:03-CV-357 (E.D. Tex. Aug. 8, 2003).

arguable merit and should be dismissed as frivolous.  See Howard
v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2; see
also Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993); Wilson
v. Lynaugh, 878 F.2d 846, 850 (5th Cir. 1989).

Although he now seeks to have his Southern District of Texas
complaints dismissed without prejudice to his pursuit of his
claims in one of the Eastern District of Texas cases, the case to
which he refers was administratively closed and is no longer
pending.  See Bansal v. Lamar Univ., No. 1:02-CV-710 (E.D. Tex.
July 22, 2003).  Moreover, Bansal has had an adverse judgment on
similar claims affirmed by this court in yet another civil rights
case in the Eastern District of Texas, although we remanded for
the district court to consider a single due process claim that
the district court erroneously failed to consider.  See Bansal v.
Lamar Univ., No. 02-41505 (5th Cir. Feb. 25, 2004).

Bansal has exhibited a pattern of filing repetitive suits
that abuses the judicial system.  See Farguson v. MBank Houston,
N.A., 808 F.2d 358, 359-60 (5th Cir. 1986).  Bansal has not
clearly explained why he filed nearly identical suits in three
different district courts, i.e. the Southern and Eastern
Districts of Texas and the Eastern District of Louisiana. He has
been barred on at least two occasions from filing further
pleadings in the district court.  See, e.g., Bansal v. Warden,
No. 1:00-CV-307 (E.D. Tex. July 17, 2003); Bansal v. Consulate

General of India, No. H-03-CV-2502 (S.D. Tex. Nov. 20 2003).  He has also continued to file redundant pleadings in this and other cases despite warnings and orders from the district court and this court.  See, e.g., Bansal v. Orange City Mayor, No. 03-41219 (5th Cir. Dec. 3, 2003)(unpublished); Bansal v. Warden, No. 03-41110 (5th Cir. Mar. 16, 2004)(unpublished).  He candidly acknowledges that the instant appeals concern repetitive complaints.

Bansal is ordered to show cause within 30 days why sanctions should not be imposed.  See FED. R. APP. P. 38; Freeze v. Griffith, 849 F.2d 172, 176 (5th Cir. 1988); Green v. Carlson, 649 F.2d 285, 287 (5th Cir. 1981).  Bansal is instructed that his response to this order must be limited to 15 pages and that no portion of the response in excess of the limitation will be considered.  No extensions of time to respond will be granted.

MOTION TO REINSTATE GRANTED; MOTION TO CONSOLIDATE GRANTED; APPEALS DISMISSED; ALL OTHER OUTSTANDING MOTIONS DENIED; SHOW CAUSE ORDER ISSUED.