United States Court of Appeals
Fifth Circuit

**F I L E D**

January 4, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40186
Summary Calendar

DEVENDRA PRAKASH BABULAL BANSAL,

Petitioner-Appellant,

versus

HIPOLITO M. ACOSTA,
District Director,

Respondent-Appellee.

--------------------
Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 1:00-CV-722
--------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Devendra Bansal appeals from the district court's denial of

his FED. R. CIV. P. 60(b) motion following the dismissal of his 28

U.S.C. § 2241 petition for want of prosecution. The district

court held that the Rule 60(b) motion, filed over two years after

the dismissal of the case, was untimely. Bansal argues that the

one-year filing period for Rule 60(b) motions should be excused

because he was not at fault for failing to advise the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court of his change of address given that he did not know the docket number of the instant case.

Bansal fails to explain how or when he learned of the docket number and why he could not have discovered the information sooner, and he has not shown that the district court's ruling was an abuse of discretion. See Travelers Ins. Co. v. Liljeberg Enter., Inc., 38 F.3d 1404, 1408 (5th Cir. 1994); Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981). The appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2.

Bansal, who was suspended from school and deported to India in May 2001 following two misdemeanor convictions for harassment in Texas, has a long history of challenging his convictions, suspension, and deportation in numerous appeals.[**] We recently determined that Bansal has exhibited a pattern of filing repetitive suits that abuses the judicial system. Bansal v. Consulate General of India, No. 03-20625 (5th Cir. May 24, 2004)(unpublished). Bansal's continued practice of filing

---

[**] See Bansal v. Warden, No. 00-41338 (5th Cir. Feb. 21, 2002)(unpublished); Bansal v. Warden, No. 01-41454 (5th Cir. June 26, 2002)(unpublished); Bansal v. State of Texas, No. 02-40540 (5th Cir. May 15, 2003)(unpublished); Bansal v. Warden, No. 03-40712 (5th Cir. June 3, 2003)(unpublished); Bansal v. Orange City Mayor, No. 03-41219 (5th Cir. Dec. 3, 2003)(unpublished); Bansal v. Lamar Univ., No. 02-41505 (5th Cir. Feb. 25, 2004) (unpublished); Bansal v. Warden, No. 03-41110 (5th Cir. March 16, 2004) (unpublished); Bansal v. State of Texas, No. 03-40713 (5th Cir. March 18, 2004) (unpublished).

frivolous appeals in light of previous warnings merits the imposition of sanctions.  See FED. R. APP. P. 38; <u>Freeze v. Griffith</u>, 849 F.2d 172, 176 (5th Cir. 1988); <u>Green v. Carlson</u>, 649 F.2d 285, 287 (5th Cir. 1981).

Bansal is ORDERED to pay sanctions in the amount of $1,000, payable to the Clerk of this Court.  The Clerk of this Court and the clerks of all federal district courts within this Circuit are directed to refuse to file any <u>pro</u> <u>se</u> action or appeal by Bansal unless Bansal submits proof of satisfaction of this sanction.  If Bansal attempts to file any further notices of appeal or original proceedings in this court without such proof the clerk will docket them for administrative purposes only.  Any other submissions which do not show proof that the sanction has been paid will be neither addressed nor acknowledged.

APPEAL DISMISSED; SANCTIONS IMPOSED.