# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 11, 2010

Lyle W. Cayce
Clerk

No. 09-40629
Summary Calendar

NOEL S. HARRIS,

> Plaintiff-Appellant,

v.

R N BIGS; Sheriff J B SMITH; SMITH COUNTY MEDICAL CARE SERVICE
SYSTEM,

> Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:08-CV-471

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Noel S. Harris, Texas prisoner # 1451879, has appealed the dismissal of his civil rights complaint as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). Harris consented to entry of judgment by the magistrate judge. Harris contends that the magistrate judge erred in dismissing the complaint as frivolous, in denying his pending motions summarily, and in failing to compel responses to his discovery requests.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Under § 1915A, a district court is required to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court should dismiss such a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." § 1915A(b)(1). "A complaint is frivolous if it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (citation omitted). We review § 1915A dismissals as frivolous for an abuse of discretion. *Id.* "A district court abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Esmark Apparel, Inc. v. James*, 10 F.3d 1156, 1163 (5th Cir. 1994).

Harris contends that Smith County Jail Intake Registered Nurse Bigs (true name Patricia Ann Jessie) acted with deliberate indifference to his need for medication to treat his eye, on which he had recently had emergency surgery. Jessie testified at a hearing convened in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), *abrogated on other grounds*, *Neitzke v. Williams*, 490 U.S. 319 (1989), that she contacted the office of Harris's treating physician and was told by a nurse not to give Harris medication.

Prison officials violate the constitutional proscription against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain. *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991). Unsuccessful medical treatment, acts of negligence, neglect, or medical malpractice are insufficient to give rise to a 42 U.S.C. § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). A prisoner's disagreement with his medical treatment is not actionable under § 1983 absent

exceptional circumstances. *Id.*; *see Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989).

Harris contends, correctly, that Jessie was advised of his serious medical condition and that he received no additional treatment for that condition while he was incarcerated at the Smith County Jail. The record reflects also, however, that Harris did not request any additional treatment while he was at the Smith County Jail, and that Jessie followed jail policy in contacting the treating physician's office and in following instructions to provide no further treatment. Even assuming *arguendo* that Jessie was negligent, such negligence does not constitute a constitutional violation. *See Varnado*, 920 F.2d at 321. Harris has not shown that the magistrate judge abused her discretion in dismissing the complaint against Jessie as frivolous. *See Martin*, 156 F.3d at 580.

Harris also has not shown that the magistrate judge abused her discretion in allowing Jessie to give hearsay testimony. *See Wilson v. Barrientos*, 926 F.2d 480, 482-83 (5th Cir. 1991) ("Within the context of the *Spears* hearing the trial judge has the discretion to decide the best way to elicit the complainant's articulation of his grievance and the basis for making any credibility assessment needed." (footnote omitted)). In addition, because this case did not present exceptional circumstances, the magistrate judge did not abuse her discretion in denying Harris's motions for appointment of counsel. *See Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988) ("A civil rights complainant has no right to the automatic appointment of counsel unless the case presents exceptional circumstances." (citation omitted)).

Harris does not contend that the magistrate judge erred in dismissing his claims against Sheriff J.B. Smith and the Smith County Jail Infirmary's Medical Care Services System. Nor does he contend that the magistrate judge erred in refusing to permit him to amend his complaint to assert a claim against his treating physician. Because these issues are not briefed, they are waived. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir.

1987).  Harris's motion in this court for appointment of counsel is DENIED, *see Freeze*, 849 F.2d at 175, and the judgment is AFFIRMED.

The district court's dismissal of Harris's § 1983 complaint as frivolous under 28 U.S.C. § 1915A(b)(1) counts as a strike for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Harris has at least one prior strike related to the dismissal of another civil rights action.  *See Harris v. Herring*, No. 2:08-CV-0215 (N.D. Tex. Dec. 12, 2008) (unpublished).  We CAUTION Harris that, once he accumulates three strikes, he will not be permitted to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).