# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30627
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

January 9, 2017

Lyle W. Cayce
Clerk

JIMMIE DERAMUS, doing business as Silver Dollar Pawn & Jewelry; TAMMIE DERAMUS-CREDEUR; JOHNNIE DERAMUS; PEGGY DERAMUS, doing business as Silver Dollar Pawn & Jewelry,

Plaintiffs - Appellants

v.

CITY OF ALEXANDRIA; POLICE DEPARTMENT OF ALEXANDRIA; CHRIS BESSON; RICKY VERCHER; PATRICK HARRISON; SHANNON BLACKWOOD; LYNN HALL; W. NEAL BATES; K. JOHNSON; CHRIS RYDER; DOUG ALFRED; LOREN LAMPERT; JIMMY HAY; LEE LEACH; ANDY VAN DYKE; JAMES C. DOWNS; UNKNOWN OFFICERS,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:14-CV-3222

Before STEWART, Chief Judge, and CLEMENT and SOUTHWICK, Circuit Judges.

PER CURIAM:*

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30627

This appeal arises from the search and seizure of stolen goods from a pawn shop in Alexandria, Louisiana. Plaintiffs-Appellants brought section 1983 claims against Defendants-Appellees. The district court granted summary judgment against Plaintiffs-Appellants. Because Plaintiffs-Appellants' appeal from the grant of summary judgment was not timely filed, those claims were dismissed by an earlier order of this court. Defendants-Appellees also moved for and were awarded attorney's fees under section 1988. The district court's grant of Defendants-Appellees' attorney's fees is the sole issue before us. For the following reasons, we AFFIRM.

## I.     FACTUAL AND PROCEDURAL HISTORY

Silver Dollar Pawn and Jewelry ("Silver Dollar") is a sole proprietorship in which Jimmie and Peggy DeRamus have an ownership interest. They, along with their daughter, Tammie DeRamus-Credeur, and Jimmie's brother, Johnnie DeRamus (collectively, "the DeRamuses"), were the stars of the short-lived reality TV program "Cajun Pawn Stars." The DeRamuses brought numerous section 1983 claims against the City of Alexandria ("the City"), the Alexandria Police Department ("APD"), members of the police force, and members of the Rapides Parish District Attorney's Office (collectively, "Defendants-Appellees"), which all relate to the recovery of stolen power equipment from Silver Dollar.

On June 11–12, 2014, Silver Dollar purchased several items from Brandon Allison, including a sewer snake. These transactions were secondhand sales, not pawns. On June 23, 2014, Kendal Bakies informed the APD that several pieces of equipment had been stolen from his home. Bakies

2

had conducted his own investigation[1] and stated that he had seen his sewer snake at Silver Dollar. He provided Officer Chris Besson with the sewer snake's box, which had the serial number on it. Officer Besson and an officer-in-training went to Silver Dollar to investigate. Officer Besson questioned the employee on duty about the sewer snake, and he asked if he could inspect it. The employee agreed and took officer Besson to the sewer snake. When Jimmie DeRamus—who describes himself as an expert on Louisiana pawn law—discovered that police officers were at the business, he became irate, told the officers that only a detective could inspect a pawn shop, and demanded that they leave.

The next day, Detective Shannon Blackwood was assigned to the case and told by her supervisor, Sargent Ricky Vercher, to obtain a warrant for Bakies's stolen items. After receiving the warrant, APD officers went to Silver Dollar. Jimmie DeRamus refused to let officers conduct a consensual search, so the officers executed the warrant. The DeRamuses did not cooperate with the officers. Jimmie DeRamus told the officers that they could not take the sewer snake, and initially refused to assist the officers in finding the paperwork relating to the stolen equipment. Because of the DeRamuses' refusal to cooperate, officers were told to shut down and secure Silver Dollar's back room to complete their search for the stolen items. Johnnie DeRamus, who repeatedly refused the officers' demand to leave the secure area, was arrested for interfering with a law enforcement investigation, but he was released after receiving a citation. The APD's search located the sewer snake, along with a weedeater, chainsaw, and pole saw belonging to Bakies. Detective

---

[1] Bakies went to Silver Dollar and asked about purchasing a sewer snake, without revealing that he was searching for his stolen one. After inspecting the sewer snake and confirming it was his, he left Silver Dollar and contacted the APD to report the stolen sewer snake.

3

No. 16-30627

Blackwood stated that she forgot to give Silver Dollar restitution forms due to the chaos that ensued during the search but that she returned to provide the forms a few days later.

After the seizure, Bakies inquired about the return of the stolen items, stating that he needed them for his job.  Detective Blackwood contacted the District Attorney's Office for a legal opinion on whether the APD could release the stolen goods.  The District Attorney's Office instructed Officer Blackwood that she could return the stolen items to Bakies, provided he had the receipt and serial numbers.  Bakies also agreed not to dispose of the items until the investigation was complete.  Bakies' ownership of the property was never disputed.  Brandon Allison pled guilty to possession of stolen goods, and he was ordered to pay restitution to Silver Dollar.

On October 6, 2014, the DeRamuses filed this section 1983 action against Defendants-Appellees.  They alleged numerous violations of various statutory and constitutional rights stemming from the search and seizure of Bakies' stolen equipment.

After discovery was completed, the district court granted multiple motions for summary judgment in favor of Defendants-Appellees, which resulted in the dismissal of all the Plaintiffs-Apellants' claims.  Because the DeRamuses did not timely appeal from those judgments, this court dismissed the appeal from the grants of summary judgment.  The district court also granted three motions for attorney's fees: (1) one on behalf of the City of Alexandria, Loren Lampert, Jimmy Hay, Lee Leach, Doug Alfred, Ricky Vercher, Patrick Harrison, Lynn Hall, W. Neal Bates, Klien Johnson, Chris Besson, and Chris Ryder; (2) one on behalf of Shannon Blackwood, and (3) one on behalf of James C. Dows/Phillip Terrell, District Attorney for Rapides Parish, and Andy Van Dyke, Assistant District Attorney.  The district court's grant of attorney's fees is the only issue before us.

4

No. 16-30627

## II.    ANALYSIS

We review the district court's imposition of attorney's fees for abuse of discretion. *Myers v. City of West Monroe*, 211 F.3d 289, 292 (5th Cir. 2000). "A district court abuses its discretion if it: (1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to the facts." *Combs v. City of Huntington*, 829 F.3d 388, 391 (5th Cir. 2016) (quoting *Allen v. C & H Distribs., LLC*, 813 F.3d 566, 572 (5th Cir. 2015)).

Section 1988 provides that "the court, in its discretion, may allow the prevailing party [in a section 1983 action] . . . a reasonable attorney's fee." 42 U.S.C. § 1988. Although attorney's fees for prevailing plaintiffs are almost always awarded, attorney's fees for defendants are only awarded "upon a finding that that the plaintiff's action was frivolous, unreasonable, or without foundation." *Fox v. Vice*, 563 U.S. 826, 833 (2011) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). When determining whether to award attorney's fees to defendants, we consider as factors (1) whether the plaintiffs established a prima facie case; (2) whether the defendants offered to settle; and (3) whether the court held a trial on the merits. *Myers*, 211 F.3d at 292. Still, we must look at the underlying suit to determine whether the "action was vexatious, frivolous, or without foundation . . . because the mere dismissal of the plaintiffs['] suit will not *establish* that the underlying claim was frivolous, unreasonable, or groundless." *Dean v. Riser*, 240 F.3d 505, 512 (5th Cir. 2001). A finding that the plaintiff "brought or continued such a claim in *bad faith*" provides "an even stronger basis for charging him with the attorney's fees incurred by the defense." *Christiansburg*, 434 U.S. at 422.

A review of the record reveals that the DeRamuses' claims against all Defendant-Appellees were frivolous, unreasonable, or groundless, and therefore the district court did not abuse its discretion in awarding attorney's fees.

No. 16-30627

*1.    City's Motion*

*a. Claims of Inadequate Training and Supervision*

Jimmie and Peggie DeRamus alleged section 1983 violations based on City policy and inadequate training or supervision by Police Chief Lampert and Deputy Chief Hay. With respect to these claims, the district court noted that the DeRamuses failed to provide "testimony or evidence" to establish any element of these claims.[2] It found that nothing done by the City, Lampert, or Hay "would have reasonably been believed to violate a constitutional right" under federal or state law. Additionally, the DeRamuses were put on notice that these claims lacked any merit when the Defendants-Appellees specifically requested by letter that these claims be withdrawn due to a lack of evidence. Indeed, the DeRamuses did not even reply to the motion for summary judgment on these issues. Without any testimony or evidence presented by the DeRamuses, "there is no basis from which to say these claims were not frivolous." *Myers*, 211 F.3d at 293.

*b. Claims Relating to the June 23rd Search*

Jimmie and Peggie DeRamus claimed that Officer Besson conducted an illegal search and seizure of Silver Dollar on June 23, 2015. Although a "warrant must generally be secured" before a search, this "requirement is subject to certain reasonable exceptions." *Kentucky v. King*, 563 U.S. 452, 459 (2011). We agree with the district court that the DeRamuses' claims of an illegal search and seizure against Officer Besson were frivolous. Despite citing a number of state laws governing the warrantless inspection of pawn shops

---

[2] *See Board of Cty Com'rs of Bryan Cty v. Brown*, 520 U.S. 397, 403–04 (1997) (a City's liability under section 1983 requires (1) a policy, practice, or custom that was improper; (2) deliberate indifference; and (3) a causal link to the alleged injuries); *Roberts v. City of Shreveport*, 397, F.3d 287, 291–92 (5th Cir. 2005) (failure to train requires (1) a failure to train; (2) deliberate indifference, which requires a pattern of violations; and (3) a causal connection to the alleged violation).

and their records that Officer Besson is alleged to have violated, the DeRamuses never rebutted the fact that the employee on duty consented to Officer Besson's request to inspect the sewer snake. Further, no property was seized on June 23rd. Moreover, the district court noted that the laws governing secondhand dealers do in fact permit a warrantless search of this heavily regulated industry. *See* La. R.S. Ann. 37:1785 (stating that a pawnbroker acting as a secondhand dealer shall be subject to the requirements of secondhand dealers, other than licensing or bonding requirements). Louisiana Revised Statutes 37:1867 provides that "[d]uring thirty calendar days after purchase . . . . In all instances, a secondhand dealer shall make the item immediately available upon request by a state law enforcement agency." La. R.S. Ann. 37:1867. Therefore, the DeRamuses did not even make out a prima facie case against Officer Besson, and the district court did not abuse its discretion when it determined that these claims were frivolous.

### c. *Claims Relating to the Execution of the Search Warrant*

Next, Jimmy and Peggie DeRamus made several federal and state constitutional claims against members of the APD who aided in the execution of the search and seizure warrant. These claims concerned Sergeants Bates and Vercher, and Detectives Alford, Hall, Harrison, and Ryder. The DeRamuses claimed these officers were responsible for (1) an illegal search and seizure under the Fourth Amendment, (2) a violation of Due Process under the Fourteenth Amendment, and (3) analogous violations under the Louisiana constitution. Once again, the district court found that the DeRamuses failed to make even a prima facie showing that their rights were violated because the officers acted pursuant to a valid search and seizure warrant.

The DeRamuses rely on Louisiana Revised Statutes 37:1805, which details the procedures for the warrantless seizure of an allegedly stolen item from a pawnbroker. The district court found that this statute did not apply to

secondhand sales because it refers specifically to "pawnbrokers" and "the pledgor," not to sales. [3] La. R.S. Ann. 37:1805. Even assuming that this statute applies to secondhand sales, a statute meant to provide for the warrantless seizure of property cannot nullify a valid warrant based on probable cause. *Cf. New York v. Burger*, 482 U.S. 691, 702–03 (1987) (stating that a warrant "fulfill[s] the traditional Fourth Amendment standard of reasonableness" and that any warrantless inspection "must perform the two basic functions of a warrant")(internal citation omitted). As the district court noted, the "search warrant was obtained because of Jimmie DeRamus's uncooperative demeanor." Had the DeRamuses complied with Officer Besson's request to perform a warrantless inspection pursuant to Revised Statutes 37:1867, a search and seizure warrant would not have been necessary. Because officers executed a valid warrant that only issued because the DeRamuses did not comply with their statutory duty, the district court did not abuse its discretion finding that these claims were frivolous.

### d. *Tammie DeRamus-Credeur's Claims*

We additionally hold that Tammie DeRamus-Credeur's claims were frivolous. Tammie DeRamus-Cedeur brought claims for (1) Due Process violations under the state and federal constitutions (2) a civil rights violation against the City for the behavior of its officers, (3) supervisor liability, and (4) punitive damages. As the district court noted, Tammie DeRamus-Credeur has no ownership interest in Silver Dollar pawn. Thus, she had no liberty or

---

[3] No other state or federal court has examined whether Revised Statutes 37:1805 applies to secondhand sales made by pawnbrokers, and the merits of this determination are not on appeal before us. The case the DeRamuses rely upon to demonstrate that Revised Statutes 37:1805 provides them a due process right does not speak to that point. *Top Dollar Pawn, Gun, & Car Audio No. 5, LLC v. Shaw*, 626 Fed. App'x 475 (5th Cir. 2015). In *Top Dollar Pawn*, this court did not reach the merits of the underlying claims because we found that the statute of limitations had run. *Id.* at 477. Moreover, that case dealt with the seizure of pawned items, not items sold secondhand. *Id.*

property interest in the store, and so she could not have suffered a Due Process violation under the federal or state constitutions. With regard to her other claims, she "failed to produce evidence to establish any element of her claim[s]." For the same reasons these claims were frivolous when filed by Jimmie and Peggie DeRamus, they are frivolous when filed by Tammie DeRamus-Credeur. In fact, she did not even file a response to the Motion for Summary Judgment against her. Therefore, the district court did not abuse its discretion in determining that her claims against the City and the APD were frivolous.

e. *Johnnie DeRamus's Claims*

Johnnie DeRamus, like Tammie DeRamus-Credeur, had no property interest in Silver Dollar. To the extent Johnnie DeRamus's claims mirror those of the other family members, we hold that they are frivolous for the same reasons.[4] We also hold that Johnnie DeRamus's claim of an illegal arrest are frivolous. The record reflects that it was Johnnie DeRamus's refusal to comply with multiple requests from Officer Harrison to clear the search area that resulted in his arrest for interfering with a law enforcement investigation and resisting an officer. *See* La. R.S. Ann. 14:329 (interfering with a law enforcement investigation), 14:108 (resisting an officer). Despite bringing claims against twelve members of the APD, Officer Harrison was the only one involved in his arrest. Johnnie DeRamus has also failed to provide any support for his claim that Officer Harrison arrested him to intimidate his brother. And Johnnie DeRamus failed to produce any evidence that Officer Harrison was negligent when he handcuffed him and placed him in the police car.

---

[4] Defendants-Appellees in a letter requested that Johnnie DeRamus drop all claims not relating to his arrest prior to filing a motion for summary judgment against him, but it was only in his response to the motion that he stated he was contesting only the claims relating to his arrest.

No. 16-30627

For these reasons, we conclude that the court did not abuse its discretion in determining that Johnnie DeRamus's claims were frivolous, and we uphold the court's grant of attorney's fees to the City.

*2. Detective Blackwood's Motion*

In addition to the claims made against other members of the APD, the DeRamuses asserted that Detective Blackwood (1) knowingly made false statements when procuring the warrant and (2) violated their statutory and constitutional rights when she returned the power equipment to Bakies. The DeRamuses did not specify to the court below what information was false, and the affidavit and warrant provided to the judge do not contain any false statements. This claim was frivolous.

Although the DeRamuses had property rights in the power equipment seized at the store, we do not agree that they have asserted any violation of those rights. Once again, the DeRamuses cite Louisiana Revised Statutes 37:1805 as the basis for the violation of their rights. As we already noted, APD seized these items pursuant to a valid warrant. The district court determined that Revised Statutes 37:1805 does not apply to secondhand sales, and that decision is not before us. But assuming that the statute applies, Revised Statutes 37:1805(C)(1) provides that "[w]hen ownership of a thing is *disputed*, final determination as to ownership for the purposes of this Part shall be made in either a civil or criminal proceeding filed in a Louisiana court of competent jurisdiction." (emphasis added). When dismissing the DeRamuses' claims against Detective Blackwood on summary judgment, the district court noted "[s]ignificantly, . . . plaintiffs have not disputed that Bakies is the rightful owner." Bakies also agreed not to dispose of the property until the criminal proceeding concluded. Moreover, Detective Blackwood consulted the District Attorney's Office when releasing the property, which the district court determined entitled her to qualified immunity. Based on these findings, the

district court concluded that no prima facie case existed against Detective Blackwood, and the factors considered by this court counselled in favor of awarding attorney's fees. *See Myers*, 211 F.3d at 292.

We cannot say that the district court abused its discretion when it found that the claims against Detective Blackwood were frivolous.

### 3. *Office of the District Attorney's Motion*

The DeRamuses' section 1983 claims against the Rapides Parish District Attorney, James Downs/Phillip Terrell, were clearly frivolous. The District Attorney's Office warned the DeRamuses in a letter dated March 12, 2015 that there was no evidence the District Attorney had any involvement in the case and that a theory of respondeat superior is not allowed in section 1983 cases. Still, the DeRamuses continued to press these claims until January 4, 2016, after the District Attorney's Office filed for summary judgment on December 14, 2015.

The district court also found the claims brought against Assistant District Attorney Van Dyke frivolous. The district court dismissed all claims against Van Dyke on the basis of qualified immunity after finding that the advice he provide to the APD was not "a constitutional violation of plaintiffs' rights." The DeRamuses again rely on Louisiana Revised Statutes 37:1805 to make their argument that their claims were not frivolous. Again, even assuming that Revised Statutes 37:1805 applies to secondhand sales, the DeRamuses failed to assert a violation of their rights under the statute. Detective Blackwood only asked Van Dyke whether seized property could be returned to its rightful owner. The letter sent by Van Dyke—who was unaware of any ownership dispute—stated that "[a]s our office does not have a case file yet, our office makes no comment or judgment concerning the seizure of evidence from wherever it was seized from [sic]. Our office is relying on the [p]olice investigation to establish the rightful owner of the property." Van

No. 16-30627

Dyke did not recommend an unconditional transfer of ownership of the property back to Bakies, and Bakies was instructed not to dispose of the property until cleared to do so.

We therefore hold that the district court did not abuse its discretion when it determined that the claims against the Rapides Parish District Attorney's Office were frivolous.

4.    *Calculation of Attorney's Fees*

The DeRamuses admit that they "d[o] not challenge the amount of attorney's fees claimed, the amount awarded, or the apportionment made between [themselves] in the award."   Having not raised these issues, the DeRamuses have waived them.[5] *See Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 653 (5th Cir. 2004) ("Issues not raised or inadequately briefed on appeal are waived.").  Thus we uphold the district court's calculation of attorney's fees.

## III.   CONCLUSION

For the foregoing reasons, we AFFIRM the award of attorney's fee to the Defendants-Appellees.

---

[5] We do note that the district court applied this court's two-step process when awarding attorney's fees by (1) calculating the lodestar and (2) determining whether any of the *Johnson* factors warrant an upward or downward departure from the lodestar.  *See Combs v. City of Huntington*, 829 F.3d 388, 391–92 (5th Cir. 2016).