**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 29, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ROSA BACCUS; MYRA BACCUS,
a/k/a Myra Hawthorne, individually
and as Mother and next friend of K.B.
and K.B., minor children;
LASHAUNNA BACCUS,

        Plaintiffs-Appellants,

and

TALISHA WINSTON,

        Plaintiff-Appellee,

and

MARIANNE BACCUS;
KORDEL BACCUS,

        Plaintiffs,

v.

CLARENCE BACCUS,

        Defendant-Appellant.

No. 13-7053
(D.C. No. 6:10-CV-00389-JHP)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **BRISCOE**, Chief Judge, **PORFILIO** and **O'BRIEN**, Circuit Judges.

The parties in this appeal, all proceeding pro se, are relatives of Kevin Baccus. After Kevin was murdered by an unknown assailant, Metropolitan Life Insurance Company ("MetLife"), the issuer of Kevin's group life insurance policy, filed an interpleader action in district court naming all of Kevin's known relatives as defendants. At the time of his death, Kevin's brother, Clarence Baccus, was the named beneficiary in the policy. Just a short time before Kevin was murdered, however, he had changed his policy to substitute Clarence for his wife, Myra Baccus, and had eliminated his mother, Rosa Baccus, as a contingent beneficiary. Because Clarence was identified as a possible suspect in Kevin's murder, MetLife was concerned about the possibility of competing claims for the insurance proceeds.

Consistent with the interpleader process, MetLife deposited the group life benefits, plus interest, into the court's registry and sought to be discharged from the case. The district court granted the motion for discharge and entered judgment in favor of MetLife pursuant to Fed. R. Civ. P. 54(b).[1] None of the parties filed an appeal from the district court's Rule 54(b) judgment.

---

[1]     Rule 54(b) permits a district court to enter final judgment "as to one or more, but fewer than all, claims or parties" after determining "that there is no just reason for delay."

- 2 -

With MetLife terminated from the case, the district court realigned the parties, naming Clarence as the defendant and all of the other family members as plaintiffs. This realignment was based on the court's determination that Oklahoma's slayer statute might apply to bar Clarence from receiving the insurance proceeds and the remaining family members had claims as contingent beneficiaries.

The district court subsequently decided to appoint counsel for Kevin's minor children, and for Talisha Winston, one of Kevin's adult daughters. Ms. Winston and her attorney, and the attorney for the minor children appeared at the scheduled settlement conference, but no other parties appeared. The magistrate judge then recommended that an order enter setting a hearing for Clarence to personally appear and show cause why judgment should not be entered against him. Clarence filed an objection to the recommendation, but the district court adopted it and scheduled a show cause hearing, with a pretrial conference to follow that hearing. Clarence did not appear at the show cause hearing or pretrial conference; Ms. Winston was the only party to appear.

The court determined that judgment should be entered against Clarence for his failure to appear at the settlement conference, the show cause hearing, and the pretrial conference and should be entered in favor of Ms. Winston and the minor children. The court directed that the insurance proceeds be paid to the Estate of Kevin Baccus and be held in the court coffers until state probate proceedings were initiated. Clarence, Myra, and Rosa then filed a joint notice of appeal from the

district court's order.[2]  Those parties subsequently filed an amended notice of appeal indicating that they were also appealing from the district court's December 2011 judgment in favor of MetLife.[3]

On appeal, appellants argue the merits of the underlying action, insisting that there are no family members adverse to Clarence, he should receive the life insurance proceeds as the named beneficiary, and MetLife failed to deposit sufficient interest with the insurance proceeds.  But their opening brief fails to meaningfully address the district court's rationale for its decision—that judgment against Clarence was appropriate as a sanction for failing to show up for scheduled court conferences and hearings.  In their thirty-page brief, there is only one sentence that appears relevant to the district court's rationale.  That sentence states:

> Did the District Court['s] failure to force the other Appellants and
> Appellee to comply with [the scheduling order], and its subsequent
> failure to issue sanctions or orders to comply, create a bias and
> predisposition so heavily weighted against the Appellant Beneficiary
> that it denied his due process rights, and negated the necessity of the
> pre-trial conference.

---

[2]  LaShaunna Baccus did not join in the notice of appeal, but prior to the expiration of the thirty-day period to file an appeal, she did join with the other appellants in filing a motion for stay pending appeal.  We construe the motion for stay as the functional equivalent of her notice of appeal.  *See Smith v. Barry*, 502 U.S. 244, 248-49 (1992) ("If a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal.")

[3]  None of the appellants filed a timely notice of appeal from the December 2011 judgment in favor of MetLife; therefore, it may not be reviewed in this appeal. *See* Fed. R. App. P. 4(a)(1)(A) (notice of appeal must be filed within 30 days after entry of the judgment or order appealed from).

Aplt. Br. at 6. But this issue was not developed any further in the brief.

Appellants bear the burden of demonstrating error in the district court's decision. *See Hernandez v. Starbuck*, 69 F.3d 1089, 1093 (10th Cir. 1995). While we liberally construe the filings of pro se appellants, *see Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003), we are "not required to manufacture an appellant's argument on appeal when [he] has failed in [his] burden to draw our attention to the error below." *Hernandez*, 69 F.3d at 1093 (internal quotation marks omitted). Given the lack of any meaningful argument responsive to the court's rationale for its decision, appellants have waived any challenge to that decision. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived.").

Because appellants fail to identify any error in the district court's rationale for its decision, this appeal is frivolous. Accordingly, we dismiss the appeal. We also deny appellants' motions to proceed without prepayment of costs and fees. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (concluding "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal" is a prerequisite for leave to proceed on appeal without prepayment of costs and fees). We remind appellants of their obligation to pay the filing and

docket fees in full.  *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001).

All other pending motions are denied as moot.

Entered for the Court

John C. Porfilio
Circuit Judge