**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 10, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

VICTOR ANDREW APODACA,

　　　　Plaintiff - Appellant,

v.

WARDEN R.C. SMITH; N. ALANIZ;
MRS. MALDONADO; MRS. STRUB;
MAILROOM SUPERVISOR STEVI
MADERA; SECRETARY OF
CORRECTIONS, N.M.C.D. GREG
MARCANTEL; DIRECTOR JERRY
ROARK; EMPLOYEES AT L.C.C.F;
MRS. GOMEZ; GEO GROUP, INC.,

　　　　Defendants - Appellees.

No. 17-2204
(D.C. No. 2:16-CV-01227-WJ-GJF)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.

---

Pro se prisoner[1] Victor Andrew Apodaca appeals from the district court's

---

[*]　　　After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]　　　We construe the filings of a pro se litigant liberally, *see Erickson v.*
(continued...)

dismissal of his civil rights action. Although Mr. Apodaca's pleadings stated that they were filed pursuant to the New Mexico Tort Claims Act, N.M. STAT. ANN. §§ 41-4-1 to -30, the substance of his claims allege violations of his due-process rights and retaliation in violation of the First, Fifth, and Fourteenth Amendments. The district court ultimately dismissed Mr. Apodaca's action because he failed to allege sufficient facts to support a colorable claim against any of the defendants named in his pleadings.

Mr. Apodaca's present appeal similarly fails to set forth any legible claims, providing nothing more than conclusory statements and references to various constitutional provisions. Mr. Apodaca also fails to address the basis of the district court's dismissal of his claims, i.e., his failure to adequately allege any constitutional or tort claims.

Exercising jurisdiction under 28 U.S.C. § 1291, we **DISMISS** Mr. Apodaca's appeal as frivolous and also **DENY** Mr. Apodaca *in forma pauperis* ("IFP") status.[2] And, because Mr. Apodaca's appeal is frivolous, we further impose a "strike" under 28 U.S.C. § 1915(g).

---

[1](...continued)
*Pardus*, 551 U.S. 89, 94 (2007) (per curiam), but our role is not to serve as his advocate, *see Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

[2] The district court denied Mr. Apodaca IFP status for purposes of appeal, certified that his appeal would not be taken in good faith, and issued a "strike" against Mr. Apodaca under 28 U.S.C. § 1915(g). Mr. Apodaca has filed an IFP motion on appeal, which we now consider and deny.

2

**I**

Mr. Apodaca was incarcerated at the Lea County Correctional Facility in Hobbs, New Mexico, when he filed his original complaint. *See* R. at 419 (Mem. Op. & Final Order of Dismissal, dated Nov. 20, 2017). He originally filed his complaint in the First Judicial District Court in Santa Fe County, New Mexico, naming Warden R.C. Smith, N. Alaniz, Mrs. Maldonado, Mrs. Strub, Mailroom Supervisor Stevi Madera, and Geo Group as defendants. *Id.* Mr. Apodaca then filed an amended complaint on October 13, 2016, in which he included additional defendants: Secretary of Corrections Greg Marcantel, Director Jerry Roark, "Employs at L.C.C.F.," and Mrs. Gomez. *Id.* at 419–20. On November 8, 2016, defendant Madera removed the case to federal court.

On September 20, 2017, the district court dismissed Mr. Apodaca's complaint and amended complaint because they failed to state a claim against any of the named defendants.[3] *See id.* at 347–51 (Mem. Op. & Order of Dismissal, dated Sept. 20, 2017). However, the court dismissed Mr. Apodaca's claims without prejudice, and granted him thirty days to remedy the deficiencies. *Id.* at 352.

---

[3] To clarify, the district court issued two orders: (1) an order dismissing without prejudice Mr. Apodaca's complaint and amended complaint on September 20, 2017, *see* R. at 344–53, and (2) a final order dismissing with prejudice Mr. Apodaca's belated request to file what would have been his second amended complaint (though the district court referred to that proposed filing as his "amended complaint") on November 20, 2017, *see id.* at 419–27.

Mr. Apodaca did not file what would have been his second amended complaint within the thirty-day period, and instead filed, on November 13, 2017, a document styled, "File Amended Complaint Proposed," and stated in an attachment to that filing that he did not receive the district court's September 20 order until November 7. *Id.* at 354 (File Am. Compl. Proposed, dated Nov. 13, 2017), 358 (Mot. & Mem. Br. Answer, dated Nov. 13, 2017). However, the district court rejected that assertion, noting that Mr. Apodaca did not provide any evidence of his late receipt and did not state that he had belatedly received the order under penalty of perjury. *Id.* at 421.

The district court then construed Mr. Apodaca's filing as a motion for leave to file a second amended complaint, and denied it pursuant to Federal Rule of Civil Procedure 15. The district court reasoned that while Mr. Apodaca sought to add three more defendants, his proposed complaint failed to state any facts raising a claim for relief against those additional defendants and did not address his prior failures to state colorable claims against any of the earlier-named defendants. *Id.* at 421–27. Accordingly, the district court held that permitting Mr. Apodaca to amend his complaint was futile, and dismissed the case with prejudice. The district court also imposed a "strike" under § 1915(g). *Id.* at 426–27.

The district court entered final judgment on November 20, 2017, *see id.* at

4

428 (J., dated Nov. 20, 2017), and Mr. Apodaca timely appealed,[4] *see id.* at 429 (Notice of Appeal, dated Nov. 30, 2017).

## II

The district court dismissed Mr. Apodaca's case because his pleadings failed to state any colorable claim against any defendant. *See id*. at 420 (holding that "Plaintiff Apodaca failed to articulate specific factual allegations of individualized conduct in violation of his constitutional rights" in his original and amended complaints); *id.* at 426 (further holding that Mr. Apodaca's proposed second amended complaint "failed to cure pleading deficiencies in the Complaint and Amended Complaint," and therefore warranted "dismiss[al of] all claims and causes of actions in this case").

Mr. Apodaca's present appeal does nothing to cause us to question the propriety of the district court's actions. More specifically, even construing Mr. Apodaca's pro se appellate brief liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), his brief fails to set forth any cognizable ground for this court to find fault with the district court's determination. The majority of his briefing is spent discussing the Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6) standards, *see* Aplt.'s Br. at 3–5, and the remainder of it simply refers to various alleged constitutional violations without any supportive factual

---

[4] Mr. Apodaca filed an amended notice of appeal on December 8, 2017, but the amended notice does not alter the scope of his appeal.

allegations linking those purported violations to specific defendants and without any explanation of why the district court misconstrued his pleadings. *See, e.g.*, *id.* at 2–5 (discussing "The Establishment Clause[] of the Fourteenth Amendment" and stating that "Jewish believers" were denied access to the chapel without providing any further facts in support of his claim; alleging that he and three other inmates were subjected to a "group assult [sic]," without alleging who the assaulters were, when it occurred, or any other supporting facts; and alleging that "Plaintiff believes that Warden R.C. Smith had a personal vendetta and that it was motivated by racial animus," without stating a basis for that belief or any specific constitutional violations that were caused by that alleged animus); *see also* Aplt.'s App. at 358 (alleging, without any supporting facts, that his mail was purposefully delayed).

In short, Mr. Apodaca's present briefing does nothing to show that he adequately stated a claim in his filings before the district court. As such, because none of Mr. Apodaca's arguments provide any ground to show that the district court erred in dismissing his various pleadings, we find no reason to take issue with the district court's rulings.

**III**

We also conclude that Mr. Apodaca's appeal is frivolous because his appellate brief is itself wholly without merit. Under 28 U.S.C. § 1915(e)(2)(B)(i), a "court shall dismiss the case at any time if the court determines that . . . the

6

action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted." "An appeal is frivolous when 'the result is obvious, or the appellant's arguments of error are wholly without merit.'" *Olson v. Coleman*, 997 F.2d 726, 728 (10th Cir. 1993) (quoting *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (en banc)).

As discussed above, Mr. Apodaca's brief on appeal presents a hodgepodge of references to various laws and vague allegations, but does not weave those various statements into coherent, colorable arguments. Even beyond that patent shortcoming, Mr. Apodaca's brief also does not refer to, much less dispute, the district court's basis for dismissing his case—i.e., his failure to state any viable claims for relief in his numerous pleadings. His failure to address the district court's reasoning provides another ground for dismissal and a basis to find his appeal, as a whole, to be frivolous. *See Baccus v. Baccus*, 564 F. App'x 951, 953 (10th Cir. 2014) (unpublished) ("Given the lack of any meaningful argument responsive to the [district] court's rationale for its decision, appellants have waived any challenge to that decision. Because appellants fail to identify any error in the district court's rationale for its decision, this appeal is frivolous." (citation omitted)); *cf. Hernandez v. Starbuck*, 69 F.3d 1089, 1093 (10th Cir. 1995) ("Because the appellant comes to the court of appeals as the challenger, he bears the burden of demonstrating the alleged error and the precise relief sought.").

7

The only aspect of the district court's decision that Mr. Apodaca even acknowledges is the court's conclusion that he failed to support his allegation that he belatedly received the court's order permitting him to file a second amended complaint. Aplt.'s Br. at 1–2. However, his appellate brief simply restates his position without providing any proof of the same. And, even if we were to accept his contention, he nevertheless fails to address the rest of the district court's analysis regarding the inadequacies of his pleadings. In sum, based on his appellate briefing, and in light of the totality of the record, we conclude that Mr. Apodaca fails to set forth any non-frivolous argument that militates in favor of reversal on any ground.

## IV

A federal district court "may authorize the commencement . . . of any suit[ or] action . . . without prepayment of fees" under the IFP statute. 28 U.S.C. § 1915(a)(1). IFP status ensures "equal treatment for every litigant before the bar." *Coppedge v. United States*, 369 U.S. 438, 447 (1962). However, "[l]eave to proceed without prepayment of fees and costs is a privilege, not a right." *Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996).

Because Mr. Apodaca has not advanced a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)), we deny him IFP status. *See also*

*DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (concluding that a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal" is a prerequisite for being granted IFP status); *accord Baccus*, 564 F. App'x at 953. And, because we conclude that his appeal is frivolous, we impose a second strike against Mr. Apodaca. *See Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1175 (10th Cir. 2011) (holding that "a dismissal under 28 U.S.C. § 1915A counts as a strike when the action was dismissed as frivolous, malicious, or for failure to state a claim, the same grounds listed in 28 U.S.C. § 1915(g)"); *Burnett v. Allbaugh*, No. 17-6133, 2017 WL 5157540, at *4 (10th Cir. Nov. 7, 2017) (unpublished) ("Because we affirm dismissal of his complaint for failure to state a claim, we necessarily affirm the imposition of a strike. We also assess another strike for taking a frivolous appeal.").

## V

Based on the foregoing, we **DENY** Mr. Apodaca IFP status on appeal, **DISMISS** his appeal as frivolous, and **impose a strike** pursuant to § 1915(g). Mr. Apodaca is reminded of his duty to pay the unpaid balance of his filing fees in full immediately.

Entered for the Court


JEROME A. HOLMES
Circuit Judge

9